ST. LOUIS SOUTHWESTERN RY. CO. v. COMMISSIONERS OF ROAD IMPROVEMENT DIST. NO. 2 OF LAFAYETTE COUNTY, ARK.

COMMISSIONERS OF ROAD IMPROVEMENT DIST. NO. 2 OF LAFAYETTE COUNTY, ARK., v. ST. LOUIS SOUTHWESTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1920. Rehearing Denied August 2, 1920.)

Nos. 5454, 5470.

1. Removal of causes ☞4—Contested proceeding to confirm road assessment a removable "suit."

A proceeding under the Arkansas Alexander Road Law in the county court for the confirmation of an assessment of benefits, in which the report of commissioners performs the office of a complaint, the notice for appearance that of process, and the objections to assessment that of an answer, and in which the court can render judgment against all real property, conclusive except by direct attack on appeal, is a "suit" which may be removed to the federal court for diversity of citizenship of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

2. Appeal and error ☞719(3)—Trial without jury is jurisdictional question, though not assigned.

The trial by the court without a jury of a suit in the federal court to recover a sum of money, in which parties were entitled to a jury trial unless they waived it, presented a question of jurisdiction which the Circuit Court of Appeals must notice, whether assigned as error or not.

3. Courts ☞406(1)—Only record questions reviewable by Circuit Court of Appeals after unauthorized trial without jury.

Under Rev. St. § 649 (Comp. St. § 1587), authorizing trial without a jury when the parties stipulate in writing, waiving a jury, and section 700 (Comp. St. § 1668), providing for review of certain questions when the case has been tried without a jury in accordance with the former section, the Circuit Court of Appeals, on error in case tried by the court without waiver by the parties of a jury trial, can review only questions arising on the process, pleadings or judgment.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Jury ⬅12(3)—Determination as to basis for road assessment held disputed question of fact, requiring jury trial.**

Where road commissioners assessed benefits on a percentage and zone system, and a railway company objected thereto on the ground that its property received no benefit from the road improvements, and offered evidence in support of its claim, the trial judge, in reducing the assessment by modifying the zones including the railroad, determined a disputed question of fact as to existence of benefits, so that it should not have dismissed the jury because there was no disputed fact in the case.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

The proceeding by the Commissioners of Road Improvement District No. 2 of Lafayette County, Ark., for the confirmation of an assessment of benefits for road improvements assessed against the St. Louis Southwestern Railway Company, was removed to the federal court, and motion to remand denied. From a judgment against the railroad company for a sum less than that assessed by the commissioners, both parties bring error. Affirmed.

In No. 5454:

T. J. Gaughan, of Camden, Ark. (Daniel Upthegrove and J. R. Turney, both of St. Louis, Mo., on the brief), for plaintiff in error.

Henry Moore, Jr., of Texarkana, Ark., for defendants in error.

In No. 5470:

Henry Moore, Jr., of Texarkana, Ark., for plaintiffs in error.

Gaughan & Sifford, of Camden, Ark. (Daniel Upthegrove and J. R. Turney, both of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. This is a suit brought by the commissioners of road improvement district No. 2 of Lafayette county, Ark., hereafter called plaintiffs, against the St. Louis Southwestern Railway Company, hereafter called defendant, to recover the sum of $49,765.-80, being the amount assessed as benefits by the board of assessors of said district against the real estate, buildings, and roadbed of defendant, situated therein. The proceeding out of which this suit originated was commenced by the organization of the district under what is known as the "Alexander Road Law" of Arkansas. After the organization of the district the county court appointed three persons to act as commissioners. These commissioners formulated plans, ascertained the cost of the improvement, and filed the same in the office of the county clerk. Thereupon the county court appointed three persons to act as a board of assessors for·said district. The persons appointed as assessors met at a time designated by the president of the board of commissioners, and assessed the benefits which in the judgment of said board would be received by the defendant by reason of the improvement contemplated, as it would affect the lands

and other property of defendant in said district. This assessment amounted to the sum sued for in this suit as above stated, and the same was duly certified by said board of assessors to the board of commissioners. The commissioners certified and filed the same in the office of the county clerk.

The county clerk gave public notice as provided by law, and therein stated that said assessment of benefits had been filed in his office, and that any person, firm, or corporation aggrieved by reason of any assessment therein made should appear before the county court on a date to be fixed by the court for the purpose of having any errors adjusted or any wrongful or grievous assessment corrected, and that all grievances or objections to said assessments should be presented to said court in writing. On the 22d day of May, 1918, the county court of Lafayette county, Ark., fixed June 28, 1918, as the date for hearing all exceptions of persons, firms, or corporations to the assessment of benefits as made by the board of assessors of said district. On June 27th, the day before the hearing fixed by the county court, the defendant duly removed the case against it to the United States District Court for the Western District of Arkansas, on the ground of diversity of citizenship. A motion to remand the case to the county court was made in the court below by the plaintiffs, on the ground that the proceeding was not a suit. The motion was denied. This ruling and the reduction of the amount of benefits are assigned as errors by the plaintiffs. The defendant assigns as error the refusal of the court below to further reduce the amount of benefits. After the motion to remand was denied, the case subsequently was brought to trial upon the assessment of the board of assessors as certified to the county court by the board of commissioners, the amended exceptions of the defendant to said assessment, and the reply to said exceptions by the plaintiffs.

The defendant alleged, among other things, that the assessment was excessive and exorbitant, and greatly and substantially exceeded the benefits which would be received by defendant's property by reason of the construction of the contemplated improvement; that said assessment was arbitrary and discriminatory as compared with the assessment made by the board of assessors upon other property within the district; that the maximum benefits which the property of defendant would receive by reason of the construction of the contemplated improvement would not exceed $3,009.21, and that, to the extent that the assessment of $49,765.80 exceeded said sum of $3,009.21, the assessment was unreasonable and arbitrary, and would deprive the defendant of its property without due process of law. The trial was commenced before the District Court and a jury duly impaneled, but subsequently the court of its own motion withdrew the cause from the consideration of the jury, for the alleged reason that there was no disputed question of fact, whereupon the plaintiffs and the defendant, making no objection to the action of the court in withdrawing the case from the jury, each asked the court to make certain findings of fact and conclusions of law, which are set forth in the record. The court did not adopt the findings of either party, but

made findings of fact and conclusions of law of its own, and entered a judgment thereon against the defendant in the sum of $10,485.48.

[1] As to the ruling of the trial court in refusing to remand the case to the county court, we are of the opinion that the trial court did not err in this regard. The proceeding under the Alexander Road Law, up to the time that the board of Commissioners certified and filed the assessment of the board of assessors in the county court was an ex parte proceeding; but, of course, before the defendant could be compelled to pay the amount of the assessment, it was entitled to defend against its liability therefor, and this right is given by the requirement of the law that the county court shall fix a date, of which public notice shall be given, on which the owner of property may appear and defend. The assessment by the board of assessors, duly certified by the commissioners to the county court, stands in the place of a complaint, and the public notice required by law of the time when the county court will hear objections and exceptions to the assessment is in the nature of process. The exceptions of the defendant, which the law requires to be in writing, take the place of an answer. We are clearly of the opinion that after the filing of the assessment of the board of assessors in the county court the proceeding was a suit, within the meaning of the law regulating the removal of suits from state to federal courts. Section 14 of the Alexander Road Law (Acts 1915, No. 338) reads as follows:

"At the hearing provided for in the preceding section and after the county court shall have considered the assessment of benefits, it shall enter its findings thereon, either confirming the assessment of benefits against said property, increasing or diminishing same, and the order made by the county court shall have all the force and effect of a judgment against all real property in said district, and it shall be deemed final, conclusive, binding and incontestable except by direct attack on appeal."

The county court in this very case, not recognizing the removal of the cause to the United States District Court, on June 28, 1918, rendered the following judgment:

"It is further considered, ordered, and adjudged by the court that the assessment of benefits made against the St. Louis Southwestern Railway Company and against the Louisiana & Arkansas Railway Company as to the line of railroads of said respective companies in said district by the assessors for said district, be approved and confirmed by the court, and the clerk of this court is hereby instructed and directed to spread same upon the records as a permanent assessment roll for said district."

We are of the opinion that a proceeding which might result in a judgment against the defendant for the payment of money is a suit at law, and that the assessment of benefits in such a proceeding is an assessment, in the same way that a jury assesses damages in a civil action at law upon breach of contract or any other contested liability, and not a mere fixing of the value of property for the purpose of taxation. The case of Horn v. Baker, 215 S. W. 600 (Supreme Court of Arkansas, October 13, 1919), decides nothing to the contrary. The question was not involved in that case. The following cases sustain the ruling of the court below: Smith v. Douglas Coun-

ty, 254 Fed. 244, 165 C. C. A. 532; Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927; Pacific Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Searl v. School District No. 2, 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415; Delaware County Commissioners v. Diebold Safe & Lock Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; In re Jarnecke (C. C.) 69 Fed. 161; In re Stutsman County (C. C.) 88 Fed. 337; Terre Haute v. Ry. (C. C.) 106 Fed. 545; Drainage District No. 19 v. Ry. (D. C.) 198 Fed. 253; In re Mississippi River Power Co. (D. C.) 241 Fed. 194; C., M. & St. Paul Ry. Co. v. District No. 8 (D. C.) 253 Fed. 491.

[2, 3] The cases cited by plaintiffs' counsel are not in point. The suit being in the federal court at law to recover a sum of money, each party in that court was entitled to a jury, unless waived in the manner provided by the federal law. A question of jurisdiction is therefore presented, which it is our duty to notice, whether assigned as error or not. Section 649, U. S. R. S. (Comp. St. § 1587), provides how the court below might try the case without the intervention of a jury, namely, "whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury." Section 700, U. S. R. S. (Comp. St. § 1668), provides that certain questions can be considered by this court when it has been tried without a jury in accordance with section 649. In the case at bar, neither the parties nor their attorneys of record filed a stipulation in writing with the clerk waiving a jury; but the court of its own motion withdrew the case from the jury, and each party, without objection to such action of the court, presented findings of fact and conclusions of law to the court for its approval. The case, therefore, stands as a civil case at law tried by the court without any waiver of the jury as the law provides. Where this is so, and the facts are not admitted in a case stated, we have no jurisdiction to review any question on a writ of error, except those which arise on the process, pleadings, or judgment, and no such question appears. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Ladd & Tilton Bank v. Lewis A. Hicks Co., 218 Fed. 310, 134 C. C. A. 106; Ford v. U. S., 260 Fed. 657, —— C. C. A. ——.

[4] In order that our decision on this question may not be misunderstood, we remark that the trial court was mistaken when it said there was no disputed question of fact in the case. The important question for decision was as to the amount of benefits. The defendant alleged that the amount found by the assessors was excessive and exorbitant. The assessors assessed benefits against defendant at the rate of $2,000 per mile on its main line, $1,000 per mile on side tracks, and $1,500 per mile on the Shreveport Branch. They divided the land outside of the towns of Stamps, Lewisville, and Buckner into zones numbered 1, 2, and 3, depending on the distance from the proposed new road. Land within the first zone was assessed at $4 per acre, second zone $3, and the third zone $2. Property within the

above-named towns was assessed at 15 per cent. of the value of the same returned for the purpose of general taxation. The trial court decided that the property of defendant within the above-named towns should be assessed on a percentage basis, or $2,400 per mile, and its property outside of said towns on the zone basis, or $54 per mile, thereby reducing the aggregate assessment of benefits from $49,706 to $10,485.48; that is, the trial court changed the territory in which the assessment made by the assessors should operate, but it adopted and enforced the basic assessment, which defendant claimed was exorbitant and excessive, and to support which it had introduced a large amount of testimony tending to show that the building of the new road would not benefit defendant's property at all. In confirming the basic assessment, the trial court decided a most important question of fact. It is not true, therefore, that there was no disputed question of fact.

The judgment below therefore must be affirmed; and it is so ordered.