## HELENA WATER CO. v. CITY OF HELENA et al.

(District Court, E. D. Arkansas, E. D. October Term, 1921.)

No. 493.

1. Courts ⟨⟩371(1)—Federal court held to have jurisdiction to determine validity of rates fixed by municipal council; "judicial proceeding."

Acts Ark. 1921, No. 124, § 19, provides that any public utility may have the action of a municipal council or commission fixing rates reviewed as to its legality, fairness, and reasonableness by the circuit court of the county by filing a complaint as in other cases according to the usual rules of pleading, whereupon the court shall proceed de novo and shall determine what rates would afford reasonable compensation for the services rendered and certify the same to the council or commission, which shall thereupon fix rates in conformity with such findings. *Held*, that such proceeding, though called an appeal, is a judicial proceeding, and where the jurisdictional facts exist, may be brought in a federal court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judicial Proceeding.]

2. Constitutional law ⟨⟩61—Statutory provision giving legislative powers to court held void under state Constitution.

The provision of Acts Ark. 1921, No. 124, § 19, conferring on a court legislative power to fix rates for a public utility on appeal from the action of a municipal council or commission *held* void as in violation of Const. Ark. art. 4, § 2, which prohibits the exercise by one department of the state government of powers belonging to either of the others, but under its express terms such invalidity does not affect other provisions of the act.

In Equity. Suit by the Helena Water Company against the City of Helena and others. Motion by complainant for preliminary injunction. On objection to jurisdiction. Overruled.

Moore, Smith, Moore & Trieber, of Little Rock, Ark., for plaintiff.
Fink & Dinning, of Helena, Ark., for defendants.

TRIEBER, District Judge. The plaintiff seeks a temporary injunction to restrain the defendants, the city, and its officials from enforcing an ordinance fixing rates for supplying water to the citizens of the city, which are alleged to be confiscatory.

A preliminary question arising is whether, under the act of the General Assembly of the state of Arkansas of February 15, 1921 (Act 124, Acts of Ark. 1921, pp. 177, 202), the rule of law established in Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150, and cases following it or that in Bacon v. Rutland R. R., 232 U. S. 134, 34 Sup. Ct. 283, 58 L. Ed. 538, and authorities following that case, controls.

The importance of the question will be apparent from the fact that, if the court should erroneously hold that the Prentis Case controls, and for this reason refuse to grant the temporary injunction, until plaintiff has exhausted its remedy of appeal provided by the act, and the courts of the state should hold that the rates are not confiscatory, that determination would become res judicata. Detroit, etc., Ry. v. Michigan R. R. Commission, 235 U. S. 402, 35 Sup. Ct. 126, 59 L. Ed. 288, affirming the decision of the District Court reported in 203 Fed. 864.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The provision of the act of the General Assembly vesting the power in municipal councils to establish rates is section 17, and need not be copied, as it vests the power usually vested in commissions and cities to establish rates to be charged by public utilities. The section providing for appeals from the action of the council of a city exercising this power is found in section 19 of the act. That section reads:

"Sec. 19. *Appeal from Action of Municipal Council or City Commission.* Any person, firm, company, or corporation aggrieved by any rate fixed by said municipal council or city commission or by any order or ordinance made in pursuance of this act, shall have the right to have said action on the part of such municipal council or city commission reviewed as to its legality, validity, fairness and reasonableness, by the circuit court of the county in which said municipal council or city commission is located (or where there are two circuit courts in said county, then in the circuit court in the district where such council or commission is situated). Said review, however, by said circuit court shall be made; provided, and upon condition, that the applicant files in said court or in the office of the clerk thereof within sixty (60) days after making of such order or ordinance or rate as to which the appeal is desired, its petition or complaint as in other cases setting out the order or ordinance or rate or other matter therein complained of, therein alleging according to the usual rules of pleading facts showing that the applicant is entitled to the relief therein prayed, upon which complaint summons shall be issued and served in the manner and for the time as in other circuit cases; the said appeal in the circuit court shall proceed de novo. The court in reviewing the action of the council or commission shall hear evidence and determine what rates would afford the appellant valid and reasonable compensation for the services rendered, and shall enter an order setting out such rates and cause the same to be certified to the council or commission and such council or commission shall thereupon fix such rates as shall be in conformity with the finding of the court; provided, either party shall have the right to appeal to the Supreme Court within thirty days from the rendition of such order, in which event the said council or commission shall await the further orders of the court. The circuit court shall have the power to require all proof to be taken in the form of depositions, if so desired by it, and to appoint a master to take the proof and make a finding and recommendation, subject to the approval of the court. The circuit court or the judge thereof in vacation of the county in which such municipality is located, shall upon petition therefor, have the power and is hereby delegated the duty to issue a preliminary restraining order with or without bond as may seem proper, restraining the violation of any order or ordinance made by any municipality under this act, or restraining the violation of any duty on the part of any public utility prescribed by this act or any municipality hereunder and upon final hearing upon such petition to make permanent on the part of said court, said preliminary restraining order."

It will be noticed that this section requires the public utilities to file an ordinary complaint in the circuit court, that the hearing be de novo, and authorizes the court "to determine what rates would afford the appellant valid and reasonable compensation for the services rendered, and shall enter an order setting out such rates and cause the same to be certified to the council or commission, and such council shall thereupon fix such rates as shall be in conformity with the finding of the court." The right of appeal from the circuit to the Supreme Court is also authorized by that section. That the establishment of rates for the future is clearly legislative is beyond question. Prentis v. Atlantic Coast Line, supra, while, on the other hand, the appeal

provided is clearly a judicial Act, as the Constitution of the state separates legislative, executive, and judicial powers. The Supreme Court of the state in a number of cases has held that on appeals from assessments of benefits by improvement districts the circuit courts of the state act in a judicial capacity. In Mo. Pac. R. R. v. Conway County Bridge District, 134 Ark. 292, 297, 204 S. W. 630, 631, which was on appeal from such an assessment, the court said:

"The circuit court acts in a judicial, and not in an administrative, capacity, and under the Constitution an appeal to this court will lie from all final judgments and orders of the circuit court. * * * The right of appeal extends to special proceedings, though the right be not expressly granted in the statute authorizing such proceedings"—citing former decisions of that court.

In St. Louis Southwestern Ry. v. Commissioners of Road Impr. Dist. No. 2, 265 Fed. 524, the United States Circuit Court of Appeals for this circuit held that such an appeal is a suit, which may be removed to the national court for diversity of citizenship. It is true that the Supreme Court of the state in Mo. Pac. R. R. v. Izard County Highway Impr. District, 143 Ark. 261, 220 S. W. 452, held that such a proceeding is not removable, but the opinion in that case was filed five days before the opinion in the St. Louis Southwestern Ry. v. Commissioners of Road Imp. District No. 2, supra, and neither court knew of the decision of the other. Although the Supreme Court held in that case that it was not a judicial proceeding, which can be removed to a national court, it proceeded to dispose of the case on its merits, notwithstanding that the Constitution of the state separates legislative, executive, and judicial powers and provides that (article 4):

"Sec. 1. The powers of the government of the state of Arkansas shall be divided into three distinct departments, * * * to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

"Sec. 2. No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

In view of these provisions of the Constitution and its construction by the court of last resort of the state, the court is of the opinion that the proceeding under section 19 of the act, although denominated "an appeal," is in fact so far as it applies to the sufficiency of the rates, a judicial proceeding, and, if the necessary facts authorizing a national court to assume jurisdiction exist, it is its duty to exercise it, when invoked. Chicot County v. Sherwood, 148 U. S. 529, 13 Sup. Ct. 695, 37 L. Ed. 546; General Oil Co. v. Crain, 209 U. S. 211, 28 Sup. Ct. 475, 52 L. Ed. 754; Barber Asphalt Co. v. Morris, 132 Fed. 945, 949, 66 C. C. A. 55, 59, 67 C. C. A. 761; Love v. Atchison, T. & S. F. Ry., 185 Fed. 321, 325, 107 C. C. A. 403, 407.

[2] But the power of the court to establish rates for the future is clearly a legislative act, and, under the Constitution of the state, cannot be conferred on the judiciary department, and is therefore unconstitutional. State v. Hutt, 2 Ark. 282; County of Pulaski v. Irvin, 4 Ark. 473; State Bank v. Curran, 10 Ark. 142; Kilbourn v. Thompson, 103 U. S. 168, 26 L. Ed. 377.

Is that part of the act conferring rate power on the court separable from the other part? Ordinarily this would at best be doubtful, for both of these powers are conferred in the same section and sentence. But section 26 of the act provides:

"If any section, subsection, sentence, clause, or phrase of this Act is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this Act."

These provisions are therefore separable.

The conclusion of the court is that, while the court is without jurisdiction to establish rates for the future, it has the same jurisdiction to determine whether the rates are confiscatory as the circuit courts of the state are given by the act, and the contention that this action is to be ruled by the Prentis Case is untenable.