## PACIFIC TEL. & TEL. CO. v. CUSHMAN, District Judge.

(Circuit Court of Appeals, Ninth Circuit. October 17, 1923. Rehearing Denied November 12, 1923.)

No. 4070.

1. **Courts ⊙═265—Power of Circuit Court of Appeals to issue writ of mandamus.**
     Where a District Court has refused to proceed in a cause, its order not being final or appealable, the Circuit Court of Appeals has power in aid of its appellate jurisdiction to issue a writ of mandamus to require the District Court to act.

2. **Courts ⊙═508(1.)—Right to invoke jurisdiction of federal court.**
     A public service corporation, upon which state authorities have imposed rates of charge alleged to be confiscatory and unconstitutional, is entitled of right to invoke the jurisdiction of a federal court for relief without seeking a stay in the state courts, where, as in Washington, the state courts exercise only judicial power in such cases, especially where the rate had been in force for a year, so that under Rem. Comp. Stat. 1922, § 10429, no supersedeas could be granted.

3. **Courts ⊙═508(1)—Action of three judges on application for preliminary injunction does not affect hearing on the merits.**
     The action of three federal judges convoked under Judicial Code, § 266 (Comp. St. § 1243) to hear an application for a preliminary injunction to suspend enforcement of a state statute or board, has nothing to do with the hearing of the case on the merits, which is the province of the District Court, and refusal of injunction until petitioner applied to state

court for stay or supersedeas, did not justify district judge's refusal to proceed further because stay had not been applied for.

4. **Appeal and error** ⊜⟳488(2)—**Appeal from interlocutory order does not stay proceedings.**

An appeal from an order denying an interlocutory injunction does not stay proceedings in the main case.

Mandamus. Petition of the Pacific Telephone & Telegraph Company against Edward C. Cushman, District Judge, for writ of mandamus. Writ granted.

Otto B. Rupp, of Seattle, Wash., Post, Russell & Higgins, of Spokane, Wash., and Pillsbury, Madison & Sutro, of San Francisco, Cal. (W. V. Tanner, of Seattle, Wash., of counsel), for petitioner.

John H. Dunbar, Atty. Gen. of State of Washington and Raymond W. Clifford, Asst. Atty. Gen., of State of Washington (P. C. Sullivan, of Tacoma, Wash., and Thomas J. L. Kennedy, of Seattle, Wash., of counsel), for respondent.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. This is an application for a writ of mandamus. The facts, so far as deemed material, are these: The petitioner is a public service corporation engaged in a general telephone and telegraph business in the state of Washington and elsewhere. On the 8th day of August, 1919, the Public Service Commission of that state made an order prescribing maximum rates to be charged for exchange and toll service within the state. The rates thus established are still in force. On the 22d day of September, 1922, the petitioner filed a new schedule advancing the rates, or at least some of the rates, thus established, but the Department of Public Works, successor in authority to the Public Service Commission, suspended the operation of the new rates until a hearing could be had. After such hearing on the 13th day of March, 1923, the application for an increase of rates was denied. Thereupon a bill was filed in the court below against the Attorney General of the state and the members of the Department of Public Works to restrain them from enforcing the existing rates on the ground that such rates were confiscatory and deprived the petitioner of its property without due process of law. An application for an interlocutory injunction was heard by three judges, pursuant to section 266 of the Judicial Code (Comp. St. § 1243). The application was denied and an appeal was prosecuted from that order to the Supreme Court of the United States. The court consisting of three judges refused to hear the application for an interlocutory injunction until the petitioner should apply to the state courts for a stay or supersedeas in certain proceedings instituted in those courts, after the filing of the bill in the court below and until such stay or supersedeas was refused by the state courts. Thereafter the petitioner called up the motion to dismiss the bill of complaint interposed by the defendants, but the court below refused to consider the same or to proceed further with the hearing or trial for the reasons theretofore stated by the three judges, namely,

until the petitioner should apply to the state courts for a stay of proceedings and until such stay was refused by these courts. The present application was thereupon presented to this court for a rule to show cause why a writ of mandamus should not issue to compel the court below to proceed with the hearing and trial of the cause.

[1, 2] If the court below has wrongfully refused to proceed with the trial, the power of this court to issue a writ of mandamus in aid of its appellate jurisdiction would seem to be beyond question. The stay order is not final or appealable, and the cause can never reach this court by appeal or otherwise, until the court below proceeds to final judgment. In other words, there is no other adequate remedy. Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761. The ruling below was based largely upon the case of Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150. That case arose in the state of Virginia, where rates established by the State Corporation Commission are subject to review by the Supreme Court of Appeals of the state, and where upon appeal the court, under the Constitution, exercises legislative power, and is authorized to substitute other rates for those established by the Commission. In view of the power thus vested in the Supreme Court of Appeals, and in view of the further fact that there had been no present invasion of the rights of the companies, the Supreme Court deemed it the more proper and orderly course to await the result of the appeals to the state court if the companies saw fit to take them. But this decision has been explained, if not limited, by more recent decisions of the same court. Thus in Bacon v. Rutland R. R. Co., 232 U. S. 134, 34 Sup. Ct. 283, 58 L. Ed. 538, a bill was filed in the federal court to restrain the Public Service Commission of the State of Vermont from enforcing an order concerning a passenger station. The Commission moved to dismiss the bill on the ground that the court should not consider it until the company had prosecuted an appeal to the Supreme Court of the state as permitted and authorized by law. But in answer to this contention the Supreme Court said:

"The defendants rely upon Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 229, 230. The ground of that decision was that by the state Constitution an appeal to the Supreme Court of Appeals from an order of the State Corporation Commission fixing rates was granted, with power to the court to substitute such order as in its opinion the Commission should have made. The court was given legislative powers, and it was held that in the circumstances it was proper, before resorting to the Circuit Court of the United States, to make sure that the officials of the state would try to establish an unconstitutional rule. But it was laid down expressly that at the judicial stage the railroads had a right to resort to the courts of the United States at once. Page 228. Therefore before that case can apply it must be established at least that legislative powers are conferred upon the Supreme Court of the State of Vermont."

The court then held that the Supreme Court of the State of Vermont was vested with no legislative power, and affirmed the decree granting an interlocutory injunction. A similar question arose in Oklahoma Gas Co. v. Russell, 261 U. S. 290, 43 Sup. Ct. 353, 67 L. Ed. ——. The Supreme Court of Oklahoma, like the Supreme Court of Appeals of Virginia, exercises legislative power on appeals from the Corporation

Commission in rate cases. There the rate was already in effect; an appeal had been prosecuted to the Supreme Court of the State, and that court had refused a supersedeas, which it was authorized to grant. Under these circumstances the Supreme Court said:

"Coming to the principal question, if the plaintiffs respectively can make out their case, as must be assumed for present purposes, they are suffering daily from confiscation under the rate to which they now are limited. They have done all that they can under the state law to get relief and cannot get it. If the Supreme Court of the state hereafter shall change the rate, even nunc pro tunc, the plaintiffs will have no adequate remedy for what they may have lost before the court shall have acted. Springfield Gas & Electric Co. v. Barker, 231 Fed. 331, 335. In such a state of facts Prentis v. Atlantic Coast Line Co. has no application. See Love v. Atchison, Topeka & Santa Fé Ry. Co., 185 Fed. 321, 324, 325. Rules of comity or convenience must give way to constitutional rights. In the case cited there was no doubt as to the jurisdiction of the Circuit Court but simply a decision that the bills should be retained to await the result of appeals if the companies saw fit to take them. 211 U. S. 232. The companies had made no effort to secure a revision and there had been no present invasion upon their rights, but only the taking of preliminary steps toward cutting them down. In such circumstances it was thought to be more reasonable and proper to await further action on the part of the state."

It will thus be seen that the Prentis Case has no application here, unless the Supreme Court of the state of Washington is vested with legislative power in this class of cases. Furthermore, it has no application unless the state courts are authorized to grant a supersedeas.

Where, as in the state of Washington, there is a distinct division of the powers of government between the different branches or departments, the rule is general, if not uniform, that there can be no delegation of legislative power to the judicial tribunals of the state. In view of the fact that this rule has been adhered to by the Supreme Court of that state, it is needless to cite authorities from other jurisdictions. Thus in the early case of Territory ex rel. Kelly v. Stewart, 1 Wash. 98, 110, 23 Pac. 405, 408 (8 L. R. A. 106), the court said:

"We hold that a judicial court cannot exercise legislative functions and that the Legislature cannot impose such power upon it."

To the same effect, see Selde v. Lincoln County, 25 Wash. 198, 65 Pac. 192; In re Bruen, 102 Wash. 472, 172 Pac. 1152. If it be claimed that the court has departed from that rule to some extent in other cases, we can only quote the language of the Supreme Court in Det. Mackinac Ry. Co. v. Mich. R. R. Comm., 235 U. S. 402, 35 Sup. Ct. 126, 59 L. Ed. 288:

"But the Constitution of Michigan, art. II, separates legislative, executive and judicial powers, and so plainly forbids conferring those given by the Virginia Constitution to the Virginia Supreme Court of Appeals, that in the absence of a clear decision by the state court we should not believe that the Legislature attempted to grant or could grant such powers to the courts of Michigan."

See, also, Oregon R. R. & Nav. Co. v. Campbell (C. C.) 173 Fed. 957; Helena Water Co. v. City of Helena (D. C.) 277 Fed. 66.

It therefore appears that this case had reached the judicial state, as defined by the Supreme Court in the Rutland Railroad Co. Case, when the bill was filed in the court below. The petitioner had a right, there-

fore, to invoke the jurisdiction of the federal court, and it was the duty of that court to hear its complaint and grant such relief as it was entitled to in the premises.

Again, if the petitioner was denied a supersedeas by the state or by the state courts, the rule announced in the Oklahoma Gas Co. Case applies, and in this connection it is immaterial whether the supersedeas was denied by the court or by the supreme legislative authority of the state. Section 10429 of Remington's Compiled Statutes 1922 provides:

"That when any rate has been in force for any length of time exceeding one year, and such rate is advanced by the public service company, and the order of the Commission reinstates such prior rate, in whole or in part, no supersedeas shall be allowed in any case from such order pending the final determination of the cause in the superior court, or if appealed to the Supreme Court by such Supreme Court."

Here the rate had been in force for more than one year; the rate was advanced by the public service company and the Department of Public Works had reinstated the prior rate. Under such circumstances, the law expressly declares that no supersedeas shall be allowed by any court pending the final determination of the case. But it has been mildly suggested that this provision of the law may be declared unconstitutional by the Supreme Court of the state, or that the courts of the state might grant a supersedeas, notwithstanding the prohibition contained in the statute. We are not permitted to indulge in any such speculation where important constitutional rights are involved. No ground of unconstitutionality has been suggested; the presumption is to the contrary, and in this case we think the presumption accords with the fact. In the exercise of appellate jurisdiction conferred by the Constitution, it may be that the Supreme Court of the state has inherent power to grant a supersedeas to the end that its appellate jurisdiction may not be defeated; but however that may be, where, as here, the appeal is wholly statutory, jurisdiction may be conferred or withheld at the pleasure of the Legislature.

[3] We are therefore of opinion that the stay of proceedings was unauthorized, and the reasons assigned therefor unsound. But it is said that the court below was bound by the reasons assigned by the three judges. This conclusion does not follow. With the granting or refusing of an interlocutory injunction the District Judge sitting alone and this court have no concern; but with the trial upon the merits the court consisting of three judges had no concern. If the petitioner is entitled to have the case heard on its merits, it is no answer to say that the three judges refused to hear the application for an interlocutory injunction until some unauthorized condition precedent had been complied with. To hear the application for an interlocutory injunction was the function of the court consisting of three judges, but to hear the case on the merits was the sole function of the district court consisting of a single judge.

[4] Again, it is suggested that the appeal from the order denying the interlocutory injunction stayed proceedings in the court below. This was not one of the reasons assigned by the trial judge for re-

fusing to proceed, and perhaps we should not consider it. But in any event, the rule is well settled, independent of statute, that an appeal from an interlocutory order such as this does not stay proceedings in the main case. Elliott on Appellate Procedure, § 542.

For the reasons here stated the writ must issue as prayed, and it is so ordered.