BEDGISOFF v. CUSHMAN, District Judge, et al.

(Circuit Court of Appeals, Ninth Circuit. April 30, 1926.)

No. 4731.

1. **Continuance** ⟷50—Party should not delay trial beyond a reasonable time.

While a party may properly be granted a continuance for a reasonable time necessary to enable him to secure his evidence, there is a correlative right in the other party to a trial within a reasonable time.

2. **Courts** ⟷404—Circuit Court of Appeals may require trial of cause in aid of its appellate jurisdiction.

The discretion of a trial court in granting a continuance is ordinarily not reviewable, but where a District Court refuses for several years to set for trial a cause which is at issue and of which the Circuit Court of Appeals would have jurisdiction on appeal or writ of error, that court may entertain a proceeding in mandamus in aid of its appellate jurisdiction.

3. **Appeal and error** ⟷78(1)—Order of continuance not reviewable as final order.

An order continuing a cause until four months after recognition of a Russian government did not affect the rights of parties on the merits, and was not a final order, reviewable on writ of error.

4. **Mandamus** ⟷143(2)—Right to writ requiring trial of cause not lost by delay.

The right of a litigant to have his cause tried is a continuing right, and is not lost, as respects right to mandamus to compel trial, by his failure promptly to assert it.

5. **Mandamus** ⟷48—Plaintiff held entitled to writ to require trial of cause continued for over five years, awaiting recognition of Russian government.

Where a District Court, on motion of defendant, continued a cause, which was at issue, until the expiration of four months following recognition by the United States government of a government in Russia, under which order trial has been delayed for more than five years, plaintiff *held* entitled to mandamus to require the court to set the cause for trial within a reasonable time.

Original petition in mandamus by Bater Bedgisoff against Edward E. Cushman, United States District Judge for the Western District of Washington, and the District Court of the United States for the Western District of Washington, Northern Division. Writ granted.

This is an original proceeding in mandamus to require respondents to set for trial and dispose of an action brought by petitioner against the American Express Company. Respondents demur to the petition and also answer.

G. F. Vanderveer and S. B. Bassett, both of Seattle, Wash., for petitioner.

Carroll B. Graves, of Seattle, Wash., for respondents.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Petitioner brought an action against American Express Company in the District Court for the Western District of Washington, Northern Division, claiming damages for the breach of a contract to remit a sum of money to a bank at Vladicaucase, Russia, for petitioner's credit. The case was put at issue November 29, 1920, and since that date petitioner has made repeated efforts to have the case tried. The American Express Company has resisted these efforts, claiming that by reason of the conditions obtaining in Russia it is unable to secure the evidence essential to its defense. On the 15th of November, 1921, the District Court continued the cause until the expiration of four months "following the date upon which the United States government shall have recognized the existence of a government in Russia." On the 21st of May, 1925, the court denied petitioner's motion to vacate this order. The answer admits these facts.

[1, 2] The trial court is vested with discretion to grant and refuse continuances. This discretion should be exercised in such manner as to assure the parties a fair trial without undue delay. It is eminently proper that the trial of a cause should be deferred for a reasonable time, at the request of either party, to enable him to secure his evidence and properly present his contentions. There is a correlative right to a trial within a reasonable time. The discretion of the trial court in these matters is ordinarily not reviewable. Copper River Co. v. McClellan, 138 F. 333, 339, 70 C. C. A. 623. But where the District Court refuses for several years to set for trial a cause which is at issue, and of which this court would have jurisdiction on appeal or writ of error, this court may entertain a proceeding in mandamus in aid of its appellate jurisdiction. McClellan v. Carland, 217 U. S. 268, 280, 30 S. Ct. 501, 54 L. Ed. 762; Barber Asphalt Co. v. Morris, 132 F. 945, 66 C. C. A. 55, 67 L. R. A. 761; Pacific Telephone & Telegraph Co. v. Cushman (C. C. A.) 292 F. 930, 932. In such case, if it appear that the refusal of the trial court to hear the cause is unwarranted, it is the duty of this court to require the trial court to proceed.

[3] It is contended that the order of November 15, 1921, was a final order, reviewable on

writ of error, and that petitioner is bound by it; he having sued out no writ of error for its review, In support of this contention respondent relies on Gay v. Hudson River Co., 184 F. 689, 106 C. C. A. 643; Central Trust Co. v. Chicago, R. I. & P. R. Co., 218 F. 336, 339, 134 C. C. A. 144; Odell v. H. Batterman Co., 223 F. 292, 295, 296, 138 C. C. A. 534; American Brake Shoe Co. v. New York Railways Co. (C. C. A.) 282 F. 523, 527. The orders appealed from in the first three of these cases definitely and finally denied the appellants the right to be heard; in the fourth case, the order appealed from disposed of appellant's contention on the merits. The order of November 15, 1921, did not determine the case on its merits, nor did it deny petitioner the right to be heard. It was relevant only to the time at which the cause should be heard. Such an order is not reviewable on writ of error. Pacific Telephone Co. v. Cushman (C. C. A.) 292 F. 930, 932; Georgia Ry. Co. v. Decatur, 262 U. S. 432, 437, 43 S. Ct. 613, 67 L. Ed. 1065. The order was interlocutory, and, notwithstanding the expiration of the term at which it was passed, it was competent for the court to have sustained petitioner's motion to vacate it. Kapiolani Estate v. Atcherley, 238 U. S. 119, 137, 35 S. Ct. 832, 59 L. Ed. 1229, Ann. Cas. 1916E, 142.

[4] It is also contended that petitioner has been guilty of laches, and that the writ for this reason should be denied. The right of a litigant to have his cause tried is a continuing right, and is not lost by his failure promptly to assert it.

[5] Petitioner's action has been at issue for more than five years. The defendant therein, in view of the conditions obtaining in Russia, was entitled to a postponement of the trial for a reasonable time, in order that it might investigate the facts and produce evidence to sustain its contentions. We think the time allowed it for such purpose has been more fair, and to allow it further time would be to deny petitioner his right to a trial while the facts are fresh in the memories of the witnesses. The Express Company is not entitled to defer the trial of the cause until the United States shall recognize a government in Russia. Petitioner is entitled to the writ prayed for.

The briefs discuss questions of the burden of proof and of the merits of the controversy. These questions and the question of jurisdiction are for the trial court to determine. The only question presented by this record for our determination is plaintiff's right to a hearing.

A writ of mandamus will therefore issue, directing respondents to set the cause for trial at a date not later than six months subsequent to the issuance of the mandate.