### CHRISTOPHER v. AMERICAN NEWS CO.

No. 9918.

United States Court of Appeals
Seventh Circuit.

July 22, 1949.

12

Irving Breakstone, Chicago, Ill., for appellant.

Arthur J. Goldberg, Carl Devoe, Abraham W. Brussell, Milton I. Shadur, Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges.

PER CURIAM.

In another aspect of this case this court decided that the complaint stated a claim upon which relief could be granted. Christopher v. American News Co., 7 Cir., 171 F. 2d 275. The defendant, The American News Company, answered over and plaintiff moved to strike certain portions of the answer. Before plaintiff's motion was disposed of, defendant filed a motion and supporting affidavit to transfer the cause to the United States District Court for the Southern District of New York under New Federal Judicial Code Sec. 1404(a), 28 U.S. C.A. § 1404(a). The affidavit alleged among other things that plaintiff has pending an action entitled Louis C. Christopher v. The Nation Associates, Inc., and Paul L. Klein, No. 45-464, at issue and awaiting trial in the United States District Court for the Southern District of New York; that the two defendants in that cause, as publisher and author, respectively, of the article complained of, are in fact the principal defendants in any cause of action the plaintiff may have; and that a transfer of the trial of this action to New York would save duplication in the production of witnesses and documents and time and expense to the parties.

After brief oral proceedings wherein plaintiff apparently moved the court to pass on his motion to strike, the court entered an order of two parts: One, granting defendant's motion to transfer the cause to the United States District Court for the Southern District of New York; and, two, denying plaintiff's oral motion for a ruling on plaintiff's motion to strike the answer, after finding that for the better administration of justice the judge of the court who will try the case is the proper judge to rule thereon. The plaintiff filed notice of appeal from both parts of this order. The defendant thereupon filed a motion in this court to dismiss the appeal on the ground that the court's order was not final and, therefore, not appealable, New Federal Judicial Code, Sec. 1291, 28 U.S.C.A. § 1291.

Without deciding whether the order appealed from is appealable or not, we think this appeal should be dismissed. The order discloses on its face that it was based on the power given to the District Court by 28 U.S.C.A. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This section by its terms makes the transfer of any civil action to another district discretionary with the District Court. The plaintiff makes no showing that discretion has here been abused. It is in fact not easy to understand why plaintiff should complain against the transfer of the trial to New York inasmuch as it was he who started a suit in New York against the author and publisher of the article in issue. It further appears unlikely that the New York suit can be transferred to Illinois because The

Nation Associates, Inc., and Paul L. Klein, the present New York defendants, were also named defendants in the action commenced in the Northern District of Illinois, but no service could be had upon them in Illinois, Christopher v. American News Co., supra, 171 F.2d at page 276. The plaintiff has made no showing that process may be served upon them now or at any time in Illinois. On the other hand, the record shows that service may be obtained on the defendant The American News Company in New York.

After weighing the foregoing and the other factors alleged in defendant's motion and supporting affidavit, the District Court concluded that the interest of justice and the convenience of parties and witnesses would best be served by a transfer of the case. This is a wise exercise and not an abuse of discretion and plaintiff will not be heard to complain of any inconvenience caused him by the transfer after having of his own free will and accord started suit in New York on this same cause of action.

The District Court's refusal to pass on plaintiff's motion to strike certain portions of defendant's answer in deference to the judge who will try the case was no more than a continuance of the motion to strike, interlocutory and not appealable. Markham v. Kasper, 7 Cir., 152 F.2d 270; Bedgisoff v. Cushman, 9 Cir., 12 F.2d 667.

The motion to dismiss the appeal will be granted and costs taxed against the appellant.