# IN RE GROSSMAYER, PETITIONER.

## ORIGINAL.

No. 4. Submitted Febuary 26, 1900. — Decided March 26, 1900.

If the Circuit Court of the United States, after sufficient service on a defendant, erroneously declines to take jurisdiction of the case or to enter judgment therein, a writ of mandamus lies to compel it to proceed to a determination of the case, except where the authority to issue a writ of mandamus has been taken away by statute.

Under articles 1223 and 1224 of the Revised Statutes of Texas of 1895, an action cannot be maintained against a partnership, consisting of citizens of other States, by service upon an agent within the State.

THE statement of the case will be found in the opinion of the court.

*Mr. Thomas Harvey Clark* for Grossmayer.

*Mr. William W. MacFarland* opposing.

MR. JUSTICE GRAY delivered the opinion of the court.

This is a petition for a writ of mandamus to the District Judge of the United States for the Eastern District of Texas, holding the Circuit Court of the United States for that district, to enter judgment by default for the petitioner in an action brought by him in that court.

The proceedings in that action, as appearing by the petition for mandamus, and by the judge's return to a rule heretofore issued by this court, were as follows: The petitioner, a citizen of the State of Texas, and a resident of Galveston in the Eastern District of Texas, brought an action in that court to recover damages in the sum of $50,000, against Robert G. Dun, a citizen of the State of New York, and Robert D. Douglas, a citizen of the State of New Jersey, alleging that the defendants carried on business in that district, and throughout the United States, as an association under the name of R. G. Dun and Company,

and praying for a summons to said R. G. Dun and Company, to be served upon John Fowler, alleged to be a resident of Galveston and the local agent of said R. G. Dun and Company. A summons was issued accordingly, and the marshal returned that he had served it upon Fowler as such local agent. The defendants having filed no plea, answer or demurrer in the action, the plaintiff moved for a judgment by default. The defendants then, appearing specially for the purpose, filed a plea to the jurisdiction of the court, because the defendants were not and never had been a corporation, but were private individuals, citizens of the States of New York and New Jersey respectively and not of the State of Texas; and in support of this plea filed an affidavit of Fowler to the truth of the facts therein stated. And the court thereupon entered the following order: "On this day came the plaintiff, by his attorney, and moved the court that judgment by default be entered against the defendant herein for the want of an appearance or answer, as required by law; and the said motion having been heard and argued before the court, and the court being sufficiently advised, it is considered and ordered by the court that the said motion be denied."

Two objections are made to the issue of a writ of mandamus: 1st. That, if the decision of the Circuit Court was erroneous, the remedy was by writ of error, and not by mandamus. 2d. That the Circuit Court had no jurisdiction of the action, for want of due service upon the defendants.

The objection to the form of remedy cannot be sustained. A writ of mandamus, indeed, cannot be used to perform the office of an appeal or writ of error, to review the judicial action of an inferior court. A final judgment of the Circuit Court of the United States for the defendant upon a plea to the jurisdiction cannot therefore be reviewed by writ of mandamus. But if the court, after sufficient service on the defendant, erroneously declines to take jurisdiction of the case or to enter judgment therein, a writ of mandamus lies to compel it to proceed to a determination of the case, except where the authority to issue a writ of mandamus has been taken away by statute. *Ex parte Schollenberger*, 96 U. S. 369; *Pennsylvania Co., petitioner*, 137 U. S. 451–453; *American Construction Co.* v. *Jacksonville &c.*,

*Railway,* 148 U. S. 372, 379; *Hohorst, petitioner,* 150 U. S. 653, 664. In *Goldey* v. *Morning News,* 156 U. S. 518, cited for the respondent, which was brought to this court by writ of error, the Circuit Court had entered a final judgment in favor of the defendant, setting aside the summons, and relieving the defendant from appearing to answer the complaint. But in the case now before us that court has done no more than to decline to enter a judgment in favor of the plaintiff. The plaintiff could not sue out a writ of error before a final judgment had been entered against him; and he could not compel the Circuit Court to proceed to final judgment, otherwise than by a writ of mandamus.

But the Circuit Court rightly held that it had no jurisdiction to enter judgment against the defendants, because there had been no lawful service of the summons upon them. It appears by the record, and is not now denied by the petitioner, that the defendants were a partnership. In the absence of local statute, no valid judgment can be rendered against the members of a partnership without service upon them. *D'Arcy* v. *Ketchum,* 11 How. 165. The Revised Statutes of Texas of 1895 contain the following provisions:

"ART. 1223. In any suit against a foreign private or public corporation, joint stock company or association, or acting corporation or association, citation or other process may be served on the president, vice-president, secretary or treasurer, or general manager, or upon any local agent within this State, of such corporation, joint stock company or association or acting corporation or association.

"ART. 1224. In suits against partners, the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served."

It is argued, in behalf of the petitioner, that the defendants in this case were an "association," within the meaning of article 1223 of these statutes, and therefore service on their local agent within the State was sufficient. But upon reading that article in connection with article 1224, which immediately follows it, it is manifest that the words in the former section, "cor-

poration, joint stock company or association, or acting corporation or association," were not intended to include partnerships; and that the mode of service in actions against partnerships was regulated by the latter section, which requires service in such actions to be made upon one of the firm. As no such service had been made in the case before us, the Circuit Court had no jurisdiction to entertain the action, or to render judgment against the defendants.

*Writ of mandamus denied.*