In re GAYLE.

No. 10633.

Circuit Court of Appeals, Fifth Circuit.

July 13, 1943.

974

John O. Collins, of Ancon, Canal Zone, for petitioner.

Charles E. Ramirez, of Ancon, Canal Zone, for amicus curiae.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Amos Gayle, an alien, sued Pittsburgh-Des Moines Steel Company in the District Court of the Canal Zone to recover a judgment for damages for a personal injury sustained while an employee, alleging the defendant to be a corporation. An amendment was allowed to allege instead that the defendant is a partnership. The amended suit was served on Arthur Ebenstein as superintendent of the company. Counsel for the company appeared specially to vacate the service, averring it to be a partnership consisting of three named persons who all reside in Pittsburgh, Pennsylvania, Ebenstein not being a partner. After a hearing the Court vacated the service. Summonses were issued directed to the partners, but were all returned by the marshal with the entry that the persons named were not found in the Canal Zone. Gayle then moved for an order to serve them by publication under Section 168 of Title 4 of the Canal Zone Code of Civil Procedure. This motion was denied. Gayle then applied to this court for a mandamus commanding the judge to proceed to try the case upon the service on the superintendent, or if that service is invalid, to proceed to serve the partners by publication. We made an order that the judge show cause why he should not proceed, which was personally served. He made no response, but with the consent of the judge and of petitioner an amicus curiae has filed a full brief in support of the judge's rulings.

■■ In such a situation as this, mandamus is a proper remedy, appeal not being available for want of a final judgment, to compel the exercise of jurisdiction by the judge, if he has incorrectly held that jurisdiction has not been and cannot be secured over the person of the defendant. Re Grossmayer, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665; Re Hohorst, 150 U.S. 633, 664, 14 S.Ct. 221, 37 L.Ed. 1211; Ex parte Kawato, 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. ——. The judge not having answered the petition for mandamus, we take its allegations of fact as admitted. The question is whether on those facts the judge should proceed with the cause.

■■ No property of the defendant has been seized by the court. An attachment of property in an action for a tort is apparently not provided for by Section 351 of Title 4 of the Canal Zone Code, and none has been sued out. Only a general personal

judgment is prayed. To obtain such a judgment jurisdiction over the person of the defendant must be obtained by a valid service, unless waived by appearance. When a partnership is sued for such a judgment it was originally necessary to name, sue and serve all the partners; but statutory provisions are common whereby the partnership may be sued and only one partner served, the judgment thus obtained binding the partnership assets and the partner personally who is served. 40 Am.Jur. Partnership, § 437. Such a provision is made by Section 144 of Title 4 of the Canal Zone Code of Civil Procedure: "When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability." Section 1711 of the Canal Zone Civil Code declares: "Partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits among them." A partnership therefore is clearly within the Section above quoted; but if no one of the associates here can be served, no general money judgment can be rendered either against the partnership or any of its members, by virtue of it.

■■ Section 166 of Title 4 of the Canal Zone Code of Civil Procedure declares: "The summons must be served by delivering a copy thereof as follows: 1. If suit is against a foreign corporation or a non-resident joint stock company or association doing business within the Canal Zone: to a managing or business agent, cashier or secretary, if there be such within the Canal Zone; or to any agent authorized to accept service for it. * * * 5. In all other cases to the defendant personally." It is not contended that Ebenstein is authorized to accept service, but that he is a managing agent of a nonresident association doing business in the Zone, so that the service on him will bind the partners. We are of opinion that the word "association" in this statute means one which is like a joint stock company, having many members, who as such are not agents for the association and each other as partners are, nor personally liable for the association's debts. See 7 C.J.S., Associations, *passim*. Such associations, like corporations and joint stock companies, act only through duly appointed agents, and not through their members. Service on their agents is not intended to fix personal liability on the members. Partnerships and the personal liability of partners are specially governed by Section 144. In the case Re Grossmayer, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665, Texas statutes were involved equivalent to those under discussion, and it was held that partnerships were not included in the provision for serving "foreign corporations, joint stock companies and associations" by serving an agent. There would be reason to question the constitutionality of a statute which sought to found a personal judgment against members on such service. See Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250.

■■ As to service by publication, Section 168 of Title 4 of the Canal Zone Code of Civil Procedure [1] provides for serving in this manner persons who reside out of the Canal Zone and cannot be found in it, if

---

[1] "Where the person on whom service is to be made resides out of the Canal Zone; or has departed from the Zone; or cannot after due diligence be found within the Zone; or conceals himself to avoid the service of summons; or is a corporation having no officer or other person upon whom summons may be served, who, after due diligence, can be found within the Zone; and the fact appears by affidavits to the satisfaction of the Court, or the judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; or when it appears by such affidavit, or by the complaint on file, that it is an action which relates to or the subject of which is real or personal property in the Zone, in which such person defendant or corporation defendant has or claims a lien or interest, actual or contingent therein, or in which the relief demanded consists wholly or in part in excluding such person or corporation from any interest therein, such court or judge may make an order that the service be made by the publication of the summons." C. Z. Code Title 4, Section 168.

the action relates to real or personal property in the Zone in which such persons claim an interest, or the relief sought consists in whole or in part in excluding them from an interest in or lien on such property. This is a familiar and often sustained use of substituted service. The control of the property by the court is the real foundation of the court's jurisdiction in such cases. The section, however, is so worded as to be capable of the construction that any non-resident against whom any cause of action exists may be so served; but under Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458, such an application of the statute must be considered unconstitutional, as wanting in due process of law. The word "or" between the clauses which describe the absent defendants and the clauses which describe the kind of actions dealt with, should be read "and", so that service by publication is authorized only of an absent defendant in an action of that kind.

We therefore agree with the district judge that jurisdiction in his court over the partnership and partners to render the personal judgment sought has not been obtained and cannot be, so that he has rightly refused to proceed with the cause.

Mandamus denied.