## UNITED STATES v. FEE.
### No. 10567.

Circuit Court of Appeals, Ninth Circuit.
Sept. 23, 1943.

---

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., for petitioner.

No other appearances were entered.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

The United States of America, through its solicitors and attorneys, has petitioned this Court for leave to file with it, and such leave has been granted, a petition for a writ of mandamus directed to the Honorable James Alger Fee, Judge of the United States District Court for the District of Oregon, and that a rule be entered and issued directing that the said Judge show cause why the writ of mandamus should not issue against him in accordance with the prayer of the petition, which is as follows: "Wherefore, your petitioner prays that this Court issue a Writ of Mandamus compelling the Honorable James Alger Fee, Judge of the United States District Court for the District of Oregon, to enter a final judgment in condemnation determining just compensation in the amounts agreed to by the parties and confirming the Government's right to the exclusive use of Parcels A and B for the term specified in the petition in condemnation and the declaration of taking."

The petition reveals allegations of facts to the effect that during the trial of an action in eminent domain before the said Honorable James Alger Fee, of the said United States District Court, said action being entitled United States of America, Petitioner, v. The City of Portland et al., various questions of law arose in which the solicitors and attorneys for the plaintiff and the said Judge presiding were unable to agree. The plaintiff's solicitors and attorneys in said action are in the instant proceeding seeking the issuance of a mandate directed to said Judge to rule upon the referred to questions in the manner advocated by them before said Judge as proper and legal. This we cannot do as such proposed action would constitute an adjudication as upon an appeal upon issues arising in a cause in which no final appealable determination has been reached.

In the course of the argument our attention was directed to a portion of the proceedings had in open court during the trial of the said action in eminent domain, and it appears that the Judge presiding has entered no judgment in the said action, and it is claimed by the solicitors and attorneys for the petitioner that the said Judge has refused to proceed to enter any judgment therein, notwithstanding the trial has otherwise been completed and has been submitted for decision and judgment.

We are unable to read the proceedings in the eminent domain case referred to in that light. We think the proceedings referred to plainly indicate that the said Judge has not ordered the cause submitted for decision and judgment, but has continued it upon his docket without day.

Should the said Judge upon his own motion or upon motion of the solicitors and attorneys for the plaintiff in that case refuse to further proceed therein, the ruling herein made shall, of course, constitute no bar for further proceedings which the said solicitors and attorneys may be advised to initiate.

The petition for the issuance of the rule is denied and the petition is dismissed.