## UNITED STATES v. HALL, Judge.
### No. 10736.

Circuit Court of Appeals, Ninth Circuit.
Nov. 25, 1944.

Rehearing Denied Dec. 30, 1944.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Dept. of Justice, of Washington, D. C., for petitioner.

Peirson M. Hall, of Los Angeles, Cal., in pro. per., for respondent.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

The United States petitions this court for a writ of mandamus, directing the Honorable Peirson M. Hall, Judge of the United States District Court for the Southern District of California, to assume jurisdiction over the case of United States v. 1,960 Acres of Land in Riverside County, California, No. 2567—PH (54 F.Supp. 867). For reasons which he regards as compelling Judge Hall refuses to take jurisdiction. This court issued its order to Judge Hall requiring him to show cause why the requested writ should not issue, and he has made his return. The facts herein related are agreed to by the parties to this proceeding.

The matter in issue arises out of a Department of Justice policy adopted in the handling of the large number of land condemnation matters in which the United States is involved because of the present war. That department established an office in Los Angeles, California, separate and apart from the office of the United States District Attorney, staffed by attorney-officers of the Department of Justice, and supervised by a Special Assistant to the Attorney General. For a time after such establishment the United States District Attorney appeared as of record in litigation handled in such office.

In the fall of 1942, at the request of the Secretary of War, proceedings were brought on behalf of the United States to condemn 1,960 acres of land in Riverside County, California. The complaint was drafted by the Lands Division Office in Los Angeles and was signed "Leo V. Silverstein, United States [District] Attorney; Irl D. Brett, Special Assistant to the Attorney General [who had been specifically authorized by letter from Assistant Attorney General Littell to institute the action]; Sylvan G. Bay, Special Attorney, Lands Division, Department of Justice, By Sylvan G. Bay, Attorneys for Plaintiff." An order for immediate possession issued. Two tracts embraced in one of the declarations of taking, Tracts 21 and 22, were subject to California State and Riverside County tax claims, for which an estimated compensation of $20 was deposited in court.

In 1943, pursuant to a directive from the Attorney General, a more complete separation of the work of the Lands Division from that of the United States District Attorney's office in Los Angeles was effected. The District Attorney assented thereto upon the ground that the specialized work of the Lands Division could best be handled without his assistance. On September 1, 1943, the Lands Division ceased using the name of the United States District Attorney as counsel of record on pleadings in new suits, and since the tenth of that month the name of the United States District Attorney has not been used by the Lands Division in litigation both as to cases formerly filed in which the District Attorney appeared as attorney and as to new litigation. Subsequently, by a letter of October 19, 1943, addressed to Irl D. Brett, the Attorney General discussed the separation of Lands Division work from the United States District Attorney's office in Los Angeles and therein stated: "* * * I have delegated to you, and I hereby specifically direct that you exercise, plenary authority to sign and file on behalf of the United States, any and all pleadings, briefs, papers or documents in the District Court in and for the Southern District of California which you may consider necessary or proper for the conduct of such Lands Division cases as have been, or may be in the future, placed and maintained under your supervision by the Department of Justice. Other attorneys and Special Attorneys of the Department of Justice assigned to your office may also appear of record in such proceedings and cases and otherwise participate in the conduct thereof as you may authorize and direct." A copy of the Attorney General's letter and a letter of Brett, acting for and at the instance of the Attorney General, and appointing M. B. Zimmerman, a duly appointed, qualified and acting special attorney in the Lands Division of the Department of Justice, co-counsel in the Riv-

erside County land proceeding were filed in the district court.

A stipulation for judgment in the land action referring to Tracts 21 and 22 was presented to the court by co-counsel Zimmerman. The written stipulation was signed by all the interested parties, and on behalf of the United States it was signed in the following form:

"Irl D. Brett
"Special Assistant to The Attorney General
"M. B. Zimmerman
"Special Attorney Lands Division Department of Justice
"By Irl D. Brett
"Attorneys for Plaintiff"

The case was pending in the district court presided over by Judge Hall, and the latter declined to honor the stipulation and declined to sign the requested judgment on the ground that the district court was "without jurisdiction" because "the District Attorney must 'initiate and prosecute' condemnation proceedings on behalf of the Government" and that one who is "to assist the District Attorney" in such proceedings must be " 'specially appointed' and 'specially directed' by the Attorney General in each case."

Mr. Brett himself then moved the district court to sign the stipulation. Again the court found a lack of jurisdiction of the matter "in view of the fact that counsel is regarded by the Court as not having the power to represent the United States Government." It should here be noted that at this juncture of the proceedings Judge Hall entertained the opinion that the stipulation must be signed by the District Attorney and also that an attorney or member of the Attorney General's staff had no standing in the case unless he had been specifically authorized to enter the specific case by the Attorney General.

Thereafter, Mr. Brett requested the Senior District Judge to reassign the case to another judge, but this request was refused. A letter from the Attorney General, bearing a date subsequent to Judge Hall's first ruling on the stipulation for judgment, specially appointing Mr. Brett and Mr. Zimmerman as attorneys to handle case No. 2567-PH on behalf of the United States, was filed, and a motion was again made by Mr. Brett requesting Judge Hall to assume jurisdiction. The motion was denied on the grounds set forth in Judge Hall's original opinion that formal matters in the litigation must bear the authentication of the United States District Attorney as an attorney in the case.

After alleging the history of the case in the petition for the writ of mandamus, it is stated that Judge Hall's action interferes with the Attorney General's opinion as to the best manner of handling and disposing of condemnation matters arising in the Southern District of California. The petition concludes: "Wherefore, Your petitioner prays that this Court issue a writ of mandamus compelling the Honorable Peirson M. Hall, Judge of the United States District Court for the Southern District of California, (1) to recognize the authority of the Attorney General to assign to Mr. Irl D. Brett and/or members of his staff, independently of the United States Attorney's office, condemnation matters arising in the Southern District of California, and more particularly the proceeding entitled United States v. 1,960 Acres of Land in Riverside County, California, No. 2567-PH [54 F.Supp. 867]; (2) to recognize the authority of Mr. Irl D. Brett and/or his assistants to represent the United States in such proceedings; and (3) to accept and assume jurisdiction over all pleadings and motions which Mr. Irl D. Brett and/or his assistants may file on behalf of the United States in condemnation proceedings brought or pending in Judge Hall's court."

The questions presented herein are whether Judge Hall erred in finding lack of authority to represent the United States on the part of the government attorneys and whether, if he did so err, this court should direct him to accept jurisdiction in the premises through the issuance of our writ of mandamus.

Petitioner's prayer for the issuance of a writ is broad, requesting as it does that Judge Hall be directed to recognize the authority of the Attorney General to assign condemnation matters to Irl D. Brett and staff, to recognize the authority of Mr. Brett and his assistants to represent the United States in such proceedings, and to assume jurisdiction over all pleadings and motions filed by Mr. Brett and his staff on behalf of the United States in condemnation proceedings.

■ Our power to issue the writ prayed for is derived from and is limited by Judicial Code, Section 262, 28 U.S.C.A. §

377. We quote the section, emphasizing the part thereof which prescribes and limits the basis of our jurisdiction and which shows that we have no jurisdiction to issue the writ except in aid of our appellate jurisdiction. "§ 377. (Judicial Code, section 262.) Power to issue writs. The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, *which may be necessary for the exercise of their respective jurisdictions,* and agreeable to the usages and principles of law. * * *"

■■ A federal appellate court may by writ of mandamus compel an inferior court to take action in a case when the inferior court has a duty to do so and where the exercise of such power is necessary to protect the higher court's appellate jurisdiction. 28 U.S.C.A. § 377; Ex parte United States, 1932, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283; In re Simons, 1918, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094; McClelland v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; In re Grossmayer, 1899, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665; Ex parte Schollenberger, 1877, 96 U.S. 369, 24 L.Ed. 853. We hold that we have no power to consider the petition in the broad and general nature of the prayer but that we have such power to the extent that the petition applies to the specific case out of which Judge Hall's rulings arose.

■■ A district attorney has authority to condemn land requested, as in the instant case, by the Secretary of War for an air base since under 40 U.S.C.A. § 256 legal services leading to the procurement of titles to public building sites, with certain exceptions not pertinent hereto, are to be rendered by United States · district attorneys. The proceeding in question, therefore, was one which a district attorney had the authority to conduct. We shall presently see by quoting § 310 of Title 5 U.S.C.A. that the measure of the district attorney's authority in litigation is made the measure of the Attorney General's authority and that therefore the instant proceeding falls within the latter official's authorization. The legal right of duly appointed deputies or assistants of the Attorney General to act when directed to do so by authority of the Attorney General presents no difficulty.

The thesis that the Attorney General can act in a legal proceeding cognizable by the district attorney only in conjunction with the district attorney or that an assistant or deputy Attorney General can act in such a case only where he is specifically authorized in each proceeding, as we see it, cannot be maintained.

In support of our conclusion as above expressed we refer to § 485 of Title 28 U.S.C.A. and § 310 of Title 5 U.S.C.A. Section 485 provides in part: "It shall be the duty of every district attorney to prosecute, in his district, all delinquents for crimes and offenses cognizable under the authority of the United States, and all civil actions in which the United States are concerned * * *." Section 310 of Title 5 U.S.C.A. provides: "The Attorney General or any officer of the Department of Justice, * * * may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which district attorneys may be by law authorized to conduct, whether or not he or they be residents of the district in which such proceeding is brought." It will be seen, as is so well expressed in Sutherland v. International Ins. Co. of N. Y., 1930, 2 Cir., 43 F.2d 969, 970, that "This [power theretofore confined to the District Attorney] was enlarged in 1906 (title 5 U.S.Code § 310 [5 U.S.C.A. § 310]), to include the Attorney General," or "'any officer of the Department of Justice,' * * *."

The Sutherland case further states at page 970 of 43 F.2d that: "* * * The Attorney General has powers of 'general superintendence and direction' over district attorneys (title 5 U.S.Code, § 317 [5 U.S.C.A. § 317]), and may directly intervene to 'conduct and argue any case in any court of the United States' * * *. Thus he may displace district attorneys in their own suits, dismiss or compromise them, institute those which they decline to press.[1] No such system is capable of operation un-

---

[1] No importance should be given to the limitation seen in the phrase "institute those which they decline to press" for the reason that the case under consideration did not raise the issue beyond the terms of the expression.

less his powers are exclusive, * * *. His power must be coextensive with his duties. * * *."

The following quotation from the opinion in Booth v. Fletcher, 1938, 69 App.D. C. 351, 101 F.2d 676, certiorari denied, 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511, further shows the views entertained in the matter by the Judges of the Second Circuit. At page 684 of 101 F.2d: " * * * Moreover, even under the circumstances of the Throckmorton Case [United States v. Throckmorton, 98 U. S. 61, 25 L.Ed. 93] the court there indicated that the law would have been satisfied if the record had revealed that 'some one authorized to use his name' had appeared in behalf of the Attorney General, or if, 'without special regard to form, but in some way which the court can recognize' an appearance on behalf of the Attorney General had been made, or if in the argument of the case such an officer had appeared and participated." See also Shushan v. United States, 1941, 5 Cir., 117 F.2d 110, 114, 133 A.L.R. 1040; United States v. Amazon Industrial Chemical Corp., 1931, D.C.Md., 55 F.2d 254, and for comment on liberal construction, see United States v. Sheffield Farms Co., 1942, D. C.N.Y., 43 F.Supp. 1, 3.

It seems to us and we hold that § 310 of Title 5 U.S.C.A. authorizes the Attorney General to institute litigation, to enter into pending litigation, and to cooperate with the district attorney or to proceed to handle such litigation independent of the district attorney, and any officer of the Department of Justice may act in the same manner and to the same extent providing he is authorized so to do by the Attorney General. Judge Hall is of the opinion that such authorization must be from the Attorneys General or direct to each officer of the Department of Justice who is to enter the litigation and must be directed specifically to each case he is to enter. We are of the opinion and so hold that the authorization may be direct to each designated officer of the Department or it may be to an officer in immediate supervision over several other such officers and may include such authorization to any or all of the several. And we are further of the opinion and we so hold that such authorization need not be directed to specifically designated cases but may be designated and limited descriptively as was done in the instant case by the Attorney General when he authorized Mr. Brett and the attorneys under his immediate direction to act in the kind of cases, to-wit, such land cases as from time to time shall be assigned to the Los Angeles Lands Division office.

It further appears that this court would have appellate jurisdiction as to any judgment that may be entered in said case and that this court has authority to issue its writ of mandamus in aid of such appellate jurisdiction. We conclude that our legal discretion should be exercised in favor of the issuance of such writ, and we therefore direct the issuance of the writ of mandamus in accordance with the principles and limitations mentioned in this opinion.

In his "Response to Order to Show Cause" the learned district judge denies what he terms "the insinuations contained in said Petition * * * and in the argument attached to said Petition, to the effect that his failure to act in said matter has been due to arbitrary unwillingness on his part, * * * ." We have carefully reexamined the petition and the attached argument, and we can find no insinuations of arbitrary unwillingness in either instrument. In fact any remote suggestion of anything of the kind must instantly be dismissed as the memorandum of opinion prepared and filed by the judge in support of his rulings demonstrate a high degree of industry and earnest desire to prevent complications so often the consequence of error.

Let the writ issue in accordance herewith.