BOWERS et al. v. E. J. ROSE MFG. CO.
et al.

No. 10742.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1945.

As Amended on Denial of Rehearing
June 1, 1945.

F. H. Bowers, of Roseville, Cal., and Mac A. Propp, of Los Angeles, Cal., for appellants.

J. Calvin Brown and Paul G. Breckenridge, both of Los Angeles, Cal., for appellees E. J. Rose Mfg. Co. and Electrical Products.

C. A. Miketta and Donald J. Dunne, both of Los Angeles, Cal., for appellees Robert A. Fischer, Fischer Corporation, and A. S. Aloe Co.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by plaintiffs below, suing for infringement of patent No. 2,123,709, from (a) a summary judgment dated May 25, 1943, dismissing appellants' complaint as to appellee E. J. Rose Manufacturing Company of California, hereafter called Rose; (b) a summary judgment dated June 8, 1943, dismissing appellants' complaint as to Fischer Corporation, Robert A. Fischer and A. S. Aloe Company, hereafter called Fischers; and (c) an order of date August 16, 1943, denying appellant's motion filed on that date to set aside the judgments and permit them to proceed with the cause.

Concerning the motion to set aside the judgments, the affidavits supporting it state a strong case for setting them aside on the ground of excusable neglect. However, nothing is presented for our action, since the order made after judgment denying such relief is not a final order from which an appeal may be taken. Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406; Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 909, 910. The affidavits on the motion to set aside the judgments are no part of the record on the appeal from the judgments. The appeal from the order of August 16, 1943, is dismissed.

The Judgment of Dismissal as to Rose.

It appears that at the time of the motion for the judgment Rose had not answered appellants' complaint, thereby raising no issue as to the validity of appellants' claimed patent[1] and its infringement. Since the complaint stated a cause of action and no issue was joined, the case was not in a position for a summary judgment on the merits of the patent's validity or its infringement. The judgment of dismissal if valid must be supported on some other ground.

The judgment as to Rose is sought to be supported by a contention that Rose served Bowers as appellant Bristow's attorney of record and on appellant Bowers himself, who appeared propria persona, an order of that court that appellants file within 30 days from January 15 a bill of particulars, and that appellants failed to respond to the court's order. Because of this failure to file the bill of particulars, Rose claims that the court was entitled to dismiss the complaint under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, respecting orders for bills of particulars, providing " * * * If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. A bill of particulars becomes a part of the pleading which it supplements."

---

[1] This patent was before us in Rubens v. Bowers, 9 Cir., 136 F.2d 887. In that suit the validity of the patent was not contested, the issue being whether the infringing defendant Rubens was licensed to make the infringing articles. Our decision in that case affords no ground for a claim that we have found the patent valid.

Regarding service by mail, Rule 5(b) provides " * * * Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his *last known* address or, if no address is known, by leaving it with the clerk of the court. * * *" (Emphasis supplied.)

The affidavit of Rose's attorney concerning the service of the court's order does not give the date of the claimed service by mail nor state that the address to which the order was mailed was the "last known address." It alleges no more than

" * * * Order is attached to the Order to Show Cause; that a true and correct copy of the Order of the Court of January .., was duly served upon the Plaintiffs by mailing a true and correct copy thereof, by placing a true copy thereof in an envelope addressed to the attorney of record for said Plaintiffs, and said Plaintiffs, at the Post Office address of said attorney for Plaintiffs, as follows:

Mr. F. H. Bowers,
Mr. Louis J. Bristow
2861 West Pico Boulevard
Los Angeles, California,

by then sealing the envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office at Los Angeles, California; that more than ten (10) days has elapsed since the expiration of the time in which Plaintiffs were to furnish the Bill of Particulars demanded by Defendant, * * *."

For all the affidavit of service shows, the mailing of the court's order may have been after the expiration of the 30 days granted for the filing of the bill. Also there well may have been a later known address than that stated in the affidavit.

Since the dismissal is a default judgment based upon a failure to file a required pleading, Federal Rules of Civil Procedure Rule 12(e), supra, there must be a strict compliance with the legal prerequisites to establish the court's power to render it. Particularly is this true of the requirement for a substituted service by mail that the mailing party shall state that the address is that "last known" to him. This requirement of the rule is to prevent an unconscionable default where a once-known address is succeeded by a' later one to which, the sender knows, the addressed party has moved.

Furthermore, as in equity, Federal Rules of Civil Procedure, Rule 52(a), provides

"(a) Effect. In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * *"

There is no finding of the court of the ultimate fact upon which the default judgment is based—that is, that its order was served upon appellants by mailing a copy of it to them addressed to their last known address on a certain day and that appellants failed to comply with the order in the time required. The judgment of May 25, 1943, dismissing the complaint as to Rose is reversed.

### The Judgment as to Fischers.

The denials of Fischers' answer to appellants' complaint placed in issue the following facts:

(1) Whether plaintiffs were assignees of the patent No. 2,123,709 for a therapeutic light ray apparatus;

(2) Whether the patent on its face was void "because the specification and claims do not disclose or describe the purported invention in such clear, full and exact manner as to permit others to practice the alleged invention, and fail to teach how, in what manner, by what means and under what conditions the purported invention may be constructed and operated and the purported results obtained;"

(3) Whether the patentees had made a proper disclaimer of the claims alleged to be infringed;

(4) Whether the claimed patent was for an apparatus whose elements and their combination were a matter of prior common knowledge in the art;

(5) Whether the apparatus had been patented in prior patents.

The Fischers, invoking Rule 36(a), 28 U.S.C.A. following section 723c, demanded admissions (a) that the patentees did not invent the patented apparatus; (b) as to facts appearing in prior patents showing anticipation; and (c) the conformity of the alleged infringements with the prior patents.

The demand for admissions addressed to appellant Bowers, attorney for appellant

Bristow, was mailed to 86 West Pico Boulevard, Los Angeles, California, the address of Bowers appearing on his complaint. It was also the business address of Bristow, who was not an attorney. Bowers was at his home and professional office in Roseville, in the Northern District of California. Bristow enclosed the letter in an envelope addressed to Bowers in Roseville, but it became inadvertently mixed with other papers in a drawer of Bristow's desk and was not mailed.

This mistake was not discovered until the day after Fischers' motion for a summary judgment was made but was shown by an uncontradicted affidavit in response to the motion. Though the district court properly designated the failure to respond in the time limited as a "default," no order of default was made before the answers were filed by Bowers—three weeks before the motion for summary judgment was granted. Though they sufficiently denied the requested admissions, they were ordered stricken from the files at the time the judgment was ordered. We think it was an abuse of the court's discretion so to strike the answers.

The motion for summary judgment was based in part upon the inferences of fact to be drawn by the court from the failure to answer the demands for admissions. In part the motion was based on the inferences of fact which the Fischers sought to have the court draw from three affidavits.

 One of these is an affidavit of Robert A. Fischer stating his belief that appellants' claimed patent is invalid; that for a part of the time of infringement the Fischer Corporation did not manufacture the alleged infringing devices, and his belief that the Aloe Company did not manufacture such devices. No judgment against appellants could be based upon this affidavit.

Another is the affidavit of the Fischers' attorney in which he testifies as an expert on the details of the structure of the patented apparatus, upon a drawing claimed to show such details, and offers his expert opinion that the apparatus so analyzed by him had been anticipated by certain alleged prior patents, alleged copies of which were attached to the affidavit.

To this affidavit of the Fischers' attorney appellants replied with an affidavit of their attorney, expressing an opinion on the alleged prior patents contrary to that of the Fischers' attorney.

Upon these bases the motion asked for judgment in "conformity with the prayer in the answer filed by these defendants," that the patent be held invalid, a decision on the merits.

After striking the responses to the demand for admissions from the court's files, the court, without opinion, stated it had considered "the pleadings * * * the requests for admissions * * * [and] the affidavits and exhibits of prior patents" and gave judgment that "United States Letters Patent No. 2,123,709 issued July 12, 1938 to Louis J. Bristow and Frederick F. Strong, entitled 'Therapeutic Light Ray Apparatus' and each and every of the claims thereof, is invalid, null and void. That the complaint be dismissed as to the defendants The Fischer Corporation, Robert A. Fisher and A. S. Aloe Company."

This appellate court is unable to determine whether the district court decided the case on (1) the issue whether the patent's claims on their face made the patent invalid under 35 U.S.C.A. § 33,[1] or (2) the facts to be inferred from the failure to answer the demand for admissions, or (3) a resolving of the contrary contentions of fact as to anticipation on the evidence of the affidavits for the respective parties.

It is obvious this doubt as to the ground of decision would have been resolved by either (1) a statement of a conclusion of law as to the validity of the claims, or (2) findings of fact to be inferred from the failure to respond to the demand, or (3) findings of fact on the contention as to the fact of anticipation.

 So far as the judgment may have been based upon the conflicting affidavits, we are of the opinion that in a patent case the tender of an affidavit of the opinion of an expert on prior patents, met by a similar opposing affidavit, does not convert it from an ordinary trial upon the testimony of witnesses subject to cross-examination to a trial on affidavits. Apart from the right to cross-examine, the cross-examination of witnesses, including expert wit-

---

[1] Fischers' brief here does not attempt to defend the judgment on this ground. They rely on the proof of the fact of "prior art patents" as anticipating appellants' patent.

nesses, is often of great value to courts, including this court.

Even assuming there were such a conversion to a trial by affidavits in a case where, as here, the issues are clearly drawn in the pleadings, the juridical function exercised by the court in determining anticipation on the evidence in affidavits is in an action tried upon the facts upon which a final judgment is determined, and hence requiring findings of fact and conclusions of law thereon under Federal Rules of Civil Procedure.[2] None was made. In this respect the case is unlike either Farley v. Abbetmeier, 72 App.D.C. 260, 114 F.2d 569 or National Broadcasting Co. v. United States, D.C.S.D.N.Y., 47 F.Supp. 940. Here the affidavits of fact are so in opposition that there is a "genuine issue as to a material fact," and hence no warrant for a summary judgment within Rule 56(b) and (c) of the Federal Rules of Civil Procedure.

The judgments appealed from are reversed.

---

[2] "Rule 52. Findings by the Court.

"(a) Effect. In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment;
* * *."