**STECCONE et al. v. MORSE–STARRETT PRODUCTS CO.**

**No. 12770.**

United States Court of Appeals
Ninth Circuit.

July 23, 1951.

Rehearing Denied Sept. 12, 1951.

198

Naylor & Lassagne, San Francisco, Cal., (Frank A. Neal, San Francisco, Cal., of counsel), for appellant.

Mellin, Hanscom &· Hursh, San Francisco, Cal., for appellee.

Before BONE, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

The District Court found against Steccone, caused judgment to be entered and ordered a writ of execution to issue. Steccone moved for a recall of the execution, a stay, and a quashing of the writ on the ground that no final judgment had been entered and, in addition, moved the court· for an entry of final judgment. The District Court denied the relief asked, holding that a final judgment had been duly entered sometime prior to the filing of the motions. Steccone appeals.

A proper disposal of the procedural questions involved requires a somewhat detailed statement of the course taken in the trial court litigation.

Morse-Starrett sued Steccone for trade-mark infringement and unfair competition. Morse-Starrett prevailed, and an injunction duly issued. Morse-Starrett Products Co. v. Steccone, D.C.N.D.Cal. 1949, 86 F.Supp. 796. In 1950 Morse-· Starrett obtained from the District Court an order to show cause why Steccone should not be held in contempt of that decree. After a hearing the District Judge, on July 31, 1950, signed and caused to be filed a "Memorandum Opinion".[1] Thereafter the clerk of the district court made certain docket entries.[2] Steccone filed no

1. "Memorandum Opinion.

"I find that exhibits 2, 3 and 4 attached to the affidavit of Leon Paul in support of plaintiff's claim that the defendant has not complied with the judgment of this Court are violative of that judgment. I do not make the same finding with respect to exhibits 1 and 5 attached to said affidavit, because the evidence indicates that these publications were not made by defendant but were made by dealers over whom this court has no jurisdiction.

"See Tubular Heating & Ventilating Co. v. Mt. Vernon Furnace & Mfg. Co., [D.C.], 2 F.2d.982, 983.

"I further find that defendant has not complied with the order of this Court requiring him to indicate on the squeegees and the handles thereof manufactured and sold by· him that they are not the product of Morse-Starrett Products Co.

"Accordingly it is Ordered that the defendant forthwith cease and desist from printing, circularizing or using in any

manner whatsoever the said exhibits 2, 3 and 4, or substantial copies thereof, and furthermore that he forthwith cease and desist from manufacturing and selling any squeegees or handles thereof marked with the word 'Steccone' used alone, or in connection with other words or symbols which do not clearly indicate that they are not the product of the Morse-Starrett Products Co.

"It is further Ordered that defendant pay to plaintiff a reasonable attorney's fee, to wit, the sum of $500.00 for services of plaintiff's attorneys in the commencement and prosecution of said contempt proceedings.

"Dated: July 31st, 1950.
"Herbert W. Erskine,
United States District Judge.
"[Endorsed] Filed July 31, 1950."

2. "Docket Entries.
* * *.
"1950 No.
"July 31— Ord. deft. cease and desist from circularizing cert.

notice of appeal from this judgment, nor did he otherwise proceed until October 9, at which time he filed the motions hereinbefore mentioned and hereinbefore referred to in detail. Morse-Starrett moves to dismiss the appeal. We think that motion should be granted for the reason that this court lacks jurisdiction inasmuch as the order appealed from is not one which finally disposes of an entire controversy between the parties and is, therefore, not an appealable order.[3] The denial of the motion to quash the writ of execution is not an appealable order. Loeber v. Schroeder, 1893, 149 U.S. 580, 585, 13 S.Ct. 934, 37 L.Ed. 856; Sabadash v. Schavo, 6 Cir., 1942, 128 F.2d 923; Glinski v. United States, 7 Cir., 1937, 93 F.2d 418; Noojin v. United States, 5 Cir., 1908, 164 F. 692.

Also non-appealable is an order denying a motion to enter final judgment. In the instant case one of two factual situations is present. (1) Either there existed, prior to the order appealed from, a final judgment duly entered upon the docket from which Steccone could have appealed, or, (2) no judgment has been entered and there is therefore nothing to appeal from.

The case of In re Forstner Chain Corp., 1 Cir., 1949, 177 F.2d 572, has been called to our attention. In that case the First Circuit held an order similar to the order we have under consideration here, appealable. That court held that the order it had under consideration on appeal indicated that the District Judge, in making it, thought he was finished with the case once and for all and that it seemed more sensible under the circumstances to test the finality of the order by what the District Judge thought he was doing. We think the appealability of the order under consideration in the instant case should be tested by the nature of the question the District Judge was called upon to decide and what he actually did in response thereto.

In denying the motion for entry of final judgment in the instant case the District Court was not finally disposing of an entire controversy between the parties. On the contrary he decided that a second disposition of the same issue would be improper. He had previously decided the case. Steccone considered the judgment entered not a final one and that until a final judgment was entered he was prevented from obtaining appellate review of the decision. Under the Judicial Code,[4] and the relevant decisions,[5] mandamus is the appropriate remedy to compel action in the event of failure or refusal of a court to enter judgment when the situation of a case requires. The courts recognize that the extraordinary remedy of mandamus is available because no remedy by way of appeal exists.[6]

---

printed circulars and manufacturing and selling improperly marked squeegees and handles and pay to pltff's. atty. $500.00 atty. fees. (Erskine)

"July 31—66 Filed memo. opinion of court that deft. cease and desist from circularizing certain printed circulars; mfg. and selling improperly marked squeegees and handles and pay pltff's atty. $500.00 (Erskine)"

3. 28 U.S.C.A. § 1291. Cf. Bostwick v. Brinkerhoff, 1882, 106 U.S. 3, 4, 1 S.Ct. 15, 27 L.Ed. 73.

4. 28 U.S.C.A. § 1651(a): "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

5. Life & Fire Insurance Co. of New York v. Heirs of Nicholas Wilson, 1834, 8 Pet. 291, 304, 8 L.Ed. 949; Life & Fire Insurance Co. of New York v. Adams, 1835, 9 Pet. 573, 9 L.Ed. 234; Ex parte Newman, 1871, 14 Wall. 152, 20 L.Ed. 877; In re Grossmayer, 1900, 177 U.S. 48, 49–50, 20 S.Ct. 535, 44 L.Ed. 665; Smith v. Jackson, C.C.N.D.N.Y.1825, 22 Fed.Cas. No.13,064, 1 Paine 453; In re Watts, 2 Cir., 1914, 214 F. 80; Pacific Tel. & Tel. Co. v. Cushman, 9 Cir., 1923, 292 F. 930, 932; petition for certiorari dismissed 263 U.S. 729, 44 S.Ct. 181, 68 L.Ed. 529; Schendel v. McGee, 8 Cir., 1924, 300 F. 273, 277; Cf. United States v. Fee, 9 Cir., 1943, 138 F.2d 158.

6. See In re Grossmayer, supra, note 5, 177

■ Thus, the relief here sought by Steccone should have been invoked by petition for mandamus; however, "the matter being only one of form, we may properly treat this appeal as though it were a petition for a writ of mandamus", Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777, 779, and proceed to dispose of it on that basis.

■ The "Memorandum Opinion" signed by the district judge on July 31, 1950, adjudicated all the matters in controversy and set forth the orders of the court. It was and is a judgment of the court. See In re Forstner Chain Corp., supra, 177 F.2d 572, 576, 577. This judgment was duly entered on the docket by the clerk and the notation in the docket is adequate to show the substance of the orders made, as required by Rule 79(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[7] By reason of said entry the judgment became effective and appealable, pursuant to Rule 58.[8]

Steccone argues that the order made and entered was something less than a final, appealable order and in support of his position urges that the findings in the "Memorandum Opinion" are insufficient to satisfy the requirements of Rule 52(a).[9]

■■ Absence of requisite findings of fact is urged as a fatal defect. Such an absence of findings would at most stamp the judgment as erroneous, not void, and a determination of its correctness, if sought, would be obtained by appeal. The absence of requisite findings of fact is not such a jurisdictional defect as would prevent an appeal.[10]

■ Further, Steccone urges that the "Memorandum Opinion" cannot properly be treated as a judgment, although it be sufficient on its face to serve that purpose, because it was not "settled and approved" in accordance with the rules of practice. Rule 58 of the Federal Rules of Civil Procedure requires that "the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk." In the instant case, the trial judge in signing the "Memorandum Opinion," approved the form of the judgment expressed there-

---

U.S. at page 50, 20 S.Ct. at page 536; In re Watts, supra, note 5; Pacific Tel. & Tel. Co. v. Cushman, supra, note 5.

7: "* * * These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process * * *."

8. "* * * The notation of a judgment in the civil docket as provided by Rule 79 (a) constitutes the entry of the judgment; and the judgment is not effective before such entry. * * *"

9. "In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

10. Douds v. Local 1250, Retail Wholesale Department Store Union of America, C IO, 2 Cir., 1948, 170 F.2d 695, 699; Morris v. Williams, 8 Cir., 1945, 149 F.2d 703, 706; Rossiter v. Vogel, 2 Cir., 1945, 148 F.2d 292, 293; Hurwitz v. Hurwitz, 1943, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226.

When an appeal is taken from a judgment lacking necessary findings of fact, the appeal is not dismissed for lack of jurisdiction; rather the appellate court takes jurisdiction, vacates the judgment, and remands for appropriate findings.

See, Kelley v. Everglades Drainage District, 1943, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485; Mayo v. Lakeland Highlands Canning Co., 1940, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; Waialua Agr. Co. v. Maneja, 9 Cir., 1949, 178 F.2d 603, 607; certiorari denied 339 U.S. 920, 70 S.Ct. 622, 94 L.Ed. 1344; Bowers v. E. J. Rose Mfg. Co., 9 Cir., 1945, 149 F. 2d 612, certiorari denied, sub. nom. Fischer v. Bowers, 326 U.S. 753, 66 S. Ct. 91, 90 L.Ed. 451; Fogle v. General Credit, Inc., 1940, 71 App.D.C. 338, 110 F.2d 128; Hopkins v. Wallin, 3 Cir., 1949, 179 F.2d 136; Girard Trust Co. v. United States, 3 Cir., 1945, 149 F.2d 872; City of Sumter v. Spur Distributing Co., 4 Cir., 1940, 110 F.2d 649; Winter Park Telephone Co. v. Southern Bell Tel. & Tel. Co., 5 Cir., 1950, 181 F.2d 341; Bach v. Friden Calculating Mach. Co., 6 Cir., 1945, 148 F.2d 407; Dearborn Nat. Cas. Co. v. Consumers Petroleum Co., 7 Cir., 1947, 164 F.2d 332.

in.[11]  Rule 58 is supplemented by the local rules of practice for the District Court for the Northern District of California.  Local Rule 5(d) provides in part that in certain types of cases the prevailing party shall prepare a draft of the proposed judgment, and present it to each other party for approval as to form; each party is to have an opportunity to object to the form before the judgment is filed.  In this connection appellant's contention appears to be that the judgment under consideration here should not be treated as a final judgment for the reason that it was not submitted to him (appellant) for approval before filing.  Local Rule 5(d) prescribes procedure for the rendering of assistance by counsel to the trial court.  If that court deems it expedient not to require that assistance and enters a form of judgment prepared by it (the court) the effectiveness of the judgment is not thereby impaired.  It is no less final and appealable.

The appeal is dismissed and, treating the proceeding as a petition for a writ of mandamus, the petition is denied.

11.  See, J. E. Haddock, Ltd. v. Pillsbury, 9 Cir., 1946, 155 F.2d 820, certiorari denied 329 U.S. 719, 67 S.Ct. 53, 91 L.Ed. 624.