## JACKSON v. McKINSEY, District Judge.
### (No. 12153.)

Court of Civil Appeals of Texas. Fort Worth. Dec. 22, 1928.

Rehearing Denied Jan. 19, 1929.

D. B. Chapin, of Barstow, for relator.

Clark & Clark, of Dallas, McLean, Scott & Sayers, Cantey, Hanger & McMahon, and Baskin, Eastus & Greines, all of Fort Worth, for respondent.

BUCK, J. Will A. Jackson filed a suit in the district court of the Forty-Third judicial district, sitting at Weatherford, against W. A. Hanger, Walter B. Scott, W. P. McLean, Jr., Dan E. Lydick, Albert J. Baskin, Clyde O. Eastus, J. Frank Norris, Sarah A. Vestal, R. B. Hood, Sam Shadle, and Preston Martin. It appears from the petition that Jackson lives in California, and all of the defendants live in Texas, the last three of them living in Parker county, Tex. The defendants filed a petition for removal to the Federal District Court for the Northern District of Texas, sitting at Fort Worth, and filed a removal bond. The court entered an order removing the case to the Federal District Court, and it appears that the records in the case have been filed in said federal court. It appears that on the next appearance day, after the filing of the original suit, and after the motion to remove the cause to the federal court had been filed, that counsel for Jackson went before the district court of Parker county and urged that the court grant him a default judgment, with writ of inquiry. The court declined to grant the motion unless the defendants were notified of such motion and had opportunity to appear in court and to contest the granting of said motion.

Relator, through his counsel, has filed a motion in this court asking for a writ of mandamus requiring F. O. McKinsey, judge of the district court of Parker county, to enter judgment by default against the defendants in the case styled Will A. Jackson v. W. A. Hanger et al., pending on the docket of the district court of Parker county, nunc pro tunc, as of October 16, 1928, and to compel and require respondent to render and enter a default judgment against said defendants, nunc pro tunc, as of that date, and proceed with the trial of said cause according to law, etc.

#### Opinion.

We are of the opinion that the suit of Will A. Jackson v. W. A. Hanger et al. was not removable by virtue of diversity of citizenship. It appears that the plaintiff alone lives in California, and the defendants all live in Texas.

In Chesapeake & O. Ry. Co. v. Cockrell, 232 U. S. 151, 34 S. Ct. 279, 58 L. Ed. 547, it is said: "The right of removal" of a case "from a state to a federal court * * * exists only in certain enumerated classes of cases." And hence to an exercise of the right, it must be affirmatively made to appear that the case is within one of these categories.

In Montgomery's Manual of Fed. Jur. & Proc. (3d Ed.) § 272, a list of cases is given in which causes may be removed from state courts to federal courts. In section 71, tit. 28, U. S. Code (28 USCA § 71) it is provided that a cause may be removed from a state court to a federal court when the following facts appear:

"Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any state court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non residents of that state. * * *"

It is upon this section of the United States Code that relator relies. We do not think that the statute provides for a removal, even though the amount involved exceeds $3,000,

where the defendants are residents of a state where the suit is filed, even though the plaintiff may be a resident of another state.

■ But relator urges that, inasmuch as he received no written notice of the filing of the motion to remove, including the bond, the district court of Parker county had no jurisdiction to grant such removal. Section 72 of title 28, being section 29 of the Judicial Code, on the question of procedure in removal cases, provides:

"Whenever any party entitled to remove any suit mentioned in Section 71 of this Title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein.

"It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit.

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same.

"The said copy being entered within said thirty days as aforesaid, in said District Court of the United States the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in said district court."

■ Even though it be admitted that no notice was given of the proposed filing of the motion to remove and that notice is essential to jurisdiction, we do not believe that, because of a lack of notice, the relator may resort to a writ of mandamus. He had a legal remedy in the Federal District Court, if he had no notice in the state district court of the motion and the filing of the bond for removal, and could have made application to have the cause remanded. Section 80, Fed. Statute (28 USCA § 80). Moreover we do not think that a mandamus is a proper reme-dy in a case of this kind, because the granting of a default judgment depends on whether or not the petition stated a cause of action as against a general demurrer, and the district court was the proper court to determine, in the exercise of judicial discretion, whether or not said petition stated a cause of action good against a general demurrer. We think that the relator has an adequate remedy at law, and that the petition for mandamus should be denied; and it is so ordered.