**HARMON & REID v. QUIN,**
District Judge et al.

**H. ROTHSTEIN & SONS v. QUIN,**
District Judge et al.

Nos. 12568, 12569.

Court of Civil Appeals of Texas.
San Antonio.
May 20, 1953.

Ward & Brown, Corpus Christi, for relators.

Wheeler, Gresham & Davis, San Antonio, for respondents.

NORVELL, Justice.

Harmon & Reid, a partnership, as relator has filed in this Court a petition in which it prays that a writ of mandamus issue under authority of Article 1824, Vernon's Ann.Civ.Stats., commanding the respondent, Honorable C. K. Quin as Judge of the 57th District Court of Bexar County, Texas, to render judgment by default in Cause No. F–76,379, in favor of relator and against The Atchison, Topeka and Santa Fe Railway Company and proceed to assess damages. This application has been docketed as Cause No. 12568 in this Court.

A similar application for mandamus ordering Judge Quin to enter judgment in favor of H. Rothstein & Sons, a corporation, and against The Atchison, Topeka & Santa Fe Railway Company in Cause No. F–76,579, is also before us and has been docketed in this Court as Cause No. 12569. Because of the similarity of the two cases, they may be disposed of in one opinion. Any material difference in the two records will hereinafter be pointed out.

It is the contention of the two relators that The Atchison, Topeka and Santa Fe Railway Company, although duly served

with citation, has wholly failed to answer and consequently default judgments should be rendered against it. We do not deem it necessary for us here to determine whether or not in a proper case, this Court, under Article 1824, may order a district court to render a judgment by default, and hence will pretermit discussion of the matter. Upon the point, relators cite the case of In re Jonas Grossmayer, Petitioner, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665. The respondent cites Jackson v. McKinsey, Dist. Judge, Tex.Civ.App., 12 S.W.2d 1044. See also 4 McDonald, Texas Civil Practice, 1371–1372.

From the petitions and replies thereto, it appears that at the time of the hearing had in the court below, the district judge was under the impression that service of citation was had upon Fletcher Mitchell, admittedly an agent of the Gulf, Colorado and Santa Fe Railway Company, a Texas corporation. Mitchell, however, filed an amicus curiae affidavit in which he denied being an agent of The Atchison, Topeka and Santa Fe Railway Company, a Kansas corporation.

Neither the petition in the Harmon & Reid case, nor that filed in the H. Rothstein & Sons case, alleges the name of an agent upon whom service of citation could be had. The allegations with reference to this matter are to the effect that "The Atchison, Topeka and Santa Fe Railway Company, a common carrier (has) an office and agent in Bexar County, Texas."

Similarly, no directions as to service of process were contained in the body of the citations, although notations were endorsed on the back thereof (evidently by a deputy clerk or deputy sheriff) indicating that delivery thereof should be made to "Mr. Fletcher Mitchell, Majestic Building."

The citations were actually delivered to P. G. Johnson. In the Harmon & Reid case, the return recited that the citation was executed "by delivering to Atchison, Topeka and Santa Fe Railway Company, a common carrier, by delivering to F. C. Johnson (sic) its Chief Clerk, a true copy of this citation, * * *." The recitation on the return of the citation issued in the

Rothstein case is that service was had by "delivering to The Atchison, Topeka and Santa Fe Railway Company, a common carrier, by delivering to P. G. Johnson, its Chief Clerk, and a local agent of such corporation, a true copy of this citation, * * *."

In his reply to the petitions for mandamus, the district judge pointed out that in the lower court the matter was heard "just as though service had been had upon Fletcher Mitchell," and "that no suggestion was made that P. G. Johnson was in any way connected with the matter." No unwillingness to proceed with a hearing to determine whether or not Johnson is a local agent of the carrier defendant is indicated. Dozier v. Wray, Tex.Civ.App., 222 S.W.2d 178; 28 Tex.Jur. 571.

The return in the Harmon & Reid case may be insufficient on its face to support a default judgment under Article 2031, Vernon's Ann.Civ.Stats., but the compelling reason why the writ of mandamus should not issue (and this reason is applicable to both cases) is, that it is the duty of the district judge to ascertain whether or not Johnson (the only person served with citation) was in fact a local agent of The Atchison, Topeka and Santa Fe Railway Company upon whom citation could be served under the statute before he may properly proceed to enter a default judgment.

It is stated in 4 McDonald, Texas Civil Practice, 1371, § 17.23, that, "When the petition is silent or states a name without sufficient allegations to indicate that the person named would be a proper agent for service, default judgment should not be rendered until the plaintiff has established by evidence the propriety of the service."

Likewise, in Galveston, Harrisburg and San Antonio Ry. Co. v. Gage, 63 Tex. 568, 572, the Supreme Court said:

"In the case before us neither the petition nor citation gave the name of the person who was the local agent of the appellant in Uvalde County, and we are of the opinion that in such cases, if there be no appearance for the defendant, a court ought to take no ac-

tion until proof is made that the person served was really the local agent of the corporation sued, acting for it in the county in which the suit is brought."

As the matter of investigating the question of the agency of Johnson is not only one which the district judge may properly undertake but a duty which he should perform, under the authorities cited, this Court will not order the district judge to render a judgment until such investigation has been made.

 The returns upon the citations do not show that Fletcher Mitchell was served with process and hence default judgment could not be rendered against The Atchison, Topeka & Santa Fe Railway Company upon the theory that Mitchell was its agent. Delgado v. Delgado, Tex.Civ.App., 253 S. W.2d 708.

Both applications for mandamus are denied.