

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00356-CV

_____

QUALITY OPERATING COMPANY, LLC, D/B/A BOB'S CONTAINERS, APPELLANT

V.

TONICA MARIE LOMAX, APPELLEE

On Appeal from County Court at Law Number One
Travis County, Texas
Trial Court No. C-1-CV-23-005134, Honorable Todd T. Wong, Presiding

May 1, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Quality Operating Company, LLC, d/b/a Bob's Containers, appeals from the trial court's final judgment in favor of Appellee, Tonica Marie Lomax, in her suit for damages for failure to deliver and install a container home. By two issues, Quality Operating maintains the trial court erred in granting Lomax a default judgment because (1) citation was defective and did not strictly comply with the Texas Rules of Civil

Procedure and (2) the return of service was defective and did not strictly comply with the same rules.  Lomax did not file a brief.  We reverse and remand.[1]

## BACKGROUND

On July 27, 2022, Lomax, a resident of Atlanta, Georgia, entered into a Container Sales Agreement with Quality Operating, a company in Travis County, Texas, to purchase a container home with a delivery and installation date in November 2022.  A year later, Lomax, proceeding pro se, filed suit for breach of contract, theft by deception, fraud, and unjust enrichment.  She alleged she had paid $61,960 and had not received any product or service in return.

By her original petition, she described Quality Operating as an LLC "with an address at 11411 FM 812 #b20, Del Valle, Travis County TX 78617 doing business as Bob's Containers, LLC . . . ."  The Citation recites as follows:

> A copy of the petition accompanies this citation, in cause number C-1-CV-23-005134, styled **TONICA LOMAX, Plaintiff VS. QUALITY OPERATING COMPANY, LLC, D/B/A BOB'S CONTAINERS, LLC, Defendant**
>
> Filed in **Civil.**  Civil and Family Courts Facility, 1700 Guadalupe, Austin, Texas on **November 06, 2023.**  Given under my hand and seal of Dyana Limon-Mercado, County Clerk **on this the 14th day of March, 2024.**

Dyana Limon-Mercado, County Clerk
Travis County, Texas
1700 Guadalupe St.
Austin, Texas 78701
P.O. Box 149325
Austin, Texas 78714-9325

By Deputy:

_____
C. Makekau

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

The Affidavit of Service is from a private process server. In the space for "Court," the Affidavit incorrectly provides "The Hon. Dyana Limon-Mercado," the name of the County Clerk referenced in the Citation. In the space for "Case," the Affidavit provides a different cause number than on the original petition and citation. The process server stated "I, Rob Henderson, being duly sworn, depose and say, I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service and informed said person of the contents herein

Recipient Name/Address: QUALITY OPERATING COMPANY LLC – Robert Balderez, 11411 Fm 812, Del Valle, TX 78617

Manner of Service: Business, Mar 19, 2024, 10:30 am CDT

Documents: CATION [sic] COMPLAINT BOBS CONTAINERS SALES AGREEMENT C-1-CV-23-005134., CITY OF ATLANTA OPEN RECORDS C-1-CV-23-005134, CLERK'S RECORD C-1-20-003843., CLERK'S RECORD C-1-CV-23-004388., FIRST CORROSPONDENCE [sic] WITH CIRY [sic] OF ATLANTA C-CV-23-005134., LOMAX COMPLAINT C-1-CV-23-005134. PERMITTING OUTSTANDING FEES C-1-CV-23-005134., SOI C-1-CV-23-005134. CONTAINER SALES AGREEMENT, EXHIBIT A,

Additional Comments:

1) Successful Attempt: Mar 19, 2024, 10:30 am CDT at 11411 Fm 812, Del Valle, TX 78617 received by QUALITY OPERATING COMPANY LLC – Robert Balderez.

The affidavit is signed by Rob Henderson, "pcs 12091" and dated "03/20/2024."

Quality Operating did not file an answer and Lomax set the cause for a merits hearing. She appeared pro se and the trial court entered a no-answer default final

3

judgment in her favor for $210,000 on July 17, 2024. Quality Operating filed a timely request for Findings of Fact and Conclusions of Law which the trial court made.[2] Quality Operating also filed a motion for new trial asserting defective service for failure to strictly comply with the rules pertaining to service. The motion was overruled by operation of law.

## ANALYSIS

By its two issues, Quality Operating maintains the citation and return of service (Affidavit) were defective for failure to strictly comply with the applicable Rules of Civil Procedure. We agree.

Whether service is in strict compliance with the applicable rules is a question of law reviewed de novo. *J.O. v. Tex. Dep't Fam. & Protective Servs.*, 640 S.W.3d 182, 187 (Tex. App.—Austin 2020, no pet.). No-answer default judgments are disfavored, and a trial court lacks jurisdiction over a defendant who was not properly served. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). Defective service of process constitutes error on the face of the record. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007). This is so even if a defendant has actual notice of a pending suit. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

A no-answer default judgment cannot stand when the defendant "was not served in strict compliance with applicable requirements." *Spanton*, 612 S.W.3d at 316 (citing *Wilson*, 800 S.W.2d at 836 ). Strict compliance with the rules for service of citation must affirmatively appear in the record for a default judgment to withstand a direct attack. *Ins. Co. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2000). No presumptions in favor of valid

---

[2] The findings and conclusions do not reference the citation or service of process.

4

issuance, service, or return are indulged. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Id.*

Rule 99b.(3) of the Texas Rules of Civil Procedure requires that a citation contain the name and location of the court. In the underlying case, the Citation refers only to "Filed in Civil. Civil and Family Courts Facility." It does not name Travis County Court at Law Number One. The Citation is not signed under seal by either County Clerk Dyana Limon-Mercado or Deputy Clerk C. Makekau. TEX. R. CIV. P. 99b.(2).

A petition must name the defendant and the citation must be directed to the defendant. Here, the petition and Citation name Quality Operating Company, LLC, d/b/a Bob's Containers, LLC as defendant. Neither document names an individual who would be a proper agent for service. *See Harmon & Reid v. Quin*, 258 S.W.2d 441, 443 (Tex. App.—San Antonio 1953, no writ) (providing when a petition is silent or states a name without sufficient allegations to indicate the person named is a proper agent for service, a default judgment should not be rendered without evidence of proper service).

Rule 103 authorizes "any person authorized by law" not less than eighteen years of age to serve process. TEX. R. CIV. P. 103. Process server Rob Henderson asserted he was over age eighteen and authorized by law to effectuate service of process in Texas. He did not, however, swear under penalty of perjury as required when service is made by someone other than a sheriff, constable, or court clerk. TEX. R. CIV. P. 107(e). He also failed to include the expiration date of his certification. TEX. R. CIV. P. 107(b)(10). *See Wyatt v. Deal*, No. 02-18-00246-CV, 2019 Tex. App. LEXIS 4778, at *11 (Tex. App.—Fort

5

Worth June 6, 2019, no pet.) (mem. op.) (noting that expiration date of process server's certification is a specified requirement of Rule 107(b) and thus, not considered a minute detail).

Rule 106(a)(1) requires delivery of a copy of the citation and petition to the defendant. TEX. R. CIV. P. 106(a)(1). Under "Documents" in Henderson's affidavit, he lists "CATION" which we interpret as "CITATION," and also lists "COMPLAINT FOR DAMAGES," and "LOMAX COMPLAINT." He included various cause numbers unrelated to the underlying suit.

Another deficiency in Henderson's Affidavit is his failure to include the day and hour he received the documents to be served. TEX. R. CIV. P. 16, 105, 107(b)(4). He did, however, include the date and time of successful service. Also, the Affidavit does not name Travis County Court at Law Number One as the court in which the case was filed. TEX. R. CIV. P. 107(b)(2).

Finally, neither the Citation nor the Affidavit name an agent of Quality Operating for purposes of service of process. A corporation is not a person capable of accepting process and must be served through its agents. *Reliant Capital Solutions, LLC v. Chuma-Okorafor*, No. 03-11-00422-CV, 2013 Tex. App. LEXIS 10115, at *6 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). The Affidavit recites service was successful on Robert Balderez but does not identify him. There is nothing in the record to indicate he was Quality Operating's registered agent. *See* TEX. BUS. ORGS. CODE ANN. § 5.201(b)(1).

Under de novo review, we find myriad errors and deficiencies contained in or omitted from the Citation and Affidavit constitute a failure to strictly comply with the applicable rules of service rendering service on Quality Operating invalid. The trial court

6

erred in entering a default judgment in favor of Lomax without obtaining proper service on Quality Operating.  Issues one and two are sustained.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.


Alex Yarbrough
Justice

7